IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JODI BOURGEOIS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>DICK'S SPORTING GOODS, INC.,<br><br>    Defendant. | Case No. _____ |

### DEFENDANT DICK'S SPORTING GOODS, INC.'S NOTICE OF REMOVAL

Defendant Dick's Sporting Goods, Inc. ("Dick's"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby files this Notice of Removal of this putative class action from the Superior Court of New Hampshire to the United States District Court for the District of New Hampshire. As grounds for removal, Defendant states as follows:

### BACKGROUND AND PLAINTIFF'S COMPLAINT

1.     Plaintiff filed this putative class action on May 26, 2023, in the Superior Court of New Hampshire, Rockingham, File No. 218-2023-CV-00686, captioned *Jodi Bourgeois, individually and on behalf of all others similarly situated, v. Dick's Sporting Goods, Inc.* (the "State Court Action").

2.     The Complaint filed in the State Court Action is included as part of Exhibit A (the "Complaint" or "Compl."). Dick's was served on June 15, 2023. Accordingly, this removal is

1

timely because it is being filed within 30 days after Dick's first received the Complaint through service. *See* 28 U.S.C. § 1446(b)(1).

3. Plaintiff alleges that Dick's purportedly received and disclosed to unauthorized persons consumers' personal data found on drivers' licenses without those consumers' knowledge or consent.

4. The Complaint asserts the following claims: (1) violation of N.H. RSA 260:14, IX(a), and (2) violation of N.H. RSA 260:14, IX(b). *See* Compl. ¶¶ 43-72. Plaintiff contends that the alleged conduct violates the New Hampshire Driver Privacy Act and requests that the Court "prevent Defendant from further encroaching upon the privacy rights of New Hampshire residents, and to recover liquidated damages for Defendant's violations of the [New Hampshire Driver Privacy Act]." *Id.* ¶ 35.

5. Based on the allegations in the Complaint, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, because this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(d). Furthermore, Dick's has satisfied the procedural requirements for removal.

6. Dick's reserves all defenses which may be available to it and reserves the right to amend or supplement this Notice of Removal. Nothing in this Notice of Removal or related documents shall be interpreted as a waiver or relinquishment of Dick's right to assert any defense or affirmative matter in this proceeding. If any question arises as to the propriety of this removal, Dick's respectfully requests the opportunity to conduct discovery or brief any disputed issues and to present oral argument in support of its position that this case is properly removable. *See generally Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014).

## GROUNDS FOR REMOVAL

### I.  THE COURT HAS JURISDICTION OVER THIS ACTION UNDER CAFA

7.  This Court has original jurisdiction over the State Court Action, and the case may be removed to this Court pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.) ("CAFA").

8.  Under 28 U.S.C. § 1332(d)(1)(B), a "class action" is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or *similar State statute* or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." (emphasis added).

9.  Plaintiff invokes New Hampshire Superior Court Rule 16 and seeks to represent a putative class of citizens in New Hampshire. Therefore, this case is a "class action" within the meaning of CAFA. *See id*.

10.  CAFA expanded federal diversity jurisdiction over purported class actions by amending 28 U.S.C. § 1332 to grant original jurisdiction if (i) membership in the putative class is not less than 100, (ii) any member of the putative class is a citizen of a State different from that of any defendant, and (iii) the aggregate matter in controversy for the entire putative class exceeds $5,000,000 million, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d), 1453(b).

11.  Based on the allegations in Plaintiff's Complaint, the State Court Action meets each of CAFA's three requirements, and no exceptions to CAFA's applicability exist in this case.

### A.  There Are More Than 100 Proposed Class Members.

12.  Plaintiff's allegations as to the size of the putative class satisfy CAFA's first requirement: that membership in the putative class is not less than 100. This putative class action is brought on behalf of:

> All persons in the State of New Hampshire whose driver's license information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) was collected by Defendant and disclosed, sold, rented, offered, or exposed for sale by Defendant, including to The Retail Equation.

Compl. ¶ 36.

13. Plaintiff also alleges that, "[o]n information and belief, members of the Class number [are] in the hundreds of thousands." *Id.* ¶ 38.

14. Accordingly, it is apparent from the face of the Complaint that the aggregate number of putative class members exceeds 100 individuals for purposes of CAFA. *See* 28 U.S.C. § 1332(d)(5)(B).

B. **Minimal Diversity Exists Between the Parties.**

15. Under CAFA, there must be minimal diversity to confer original federal jurisdiction. *See* 28 U.S.C. § 1332(d)(2). Minimal diversity exists when (i) "any member of a class of plaintiffs is a citizen of a State different from any defendant," (ii) "any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State," or (iii) "any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state." *Id*.

16. Here, Plaintiff alleges that she is a citizen of New Hampshire and that all members of the putative class are also citizens of New Hampshire. *See* Compl. ¶¶ 7, 36.

17. Dick's is a citizen of Delaware (its state of incorporation) and Pennsylvania (its principal place of business). *Id*. ¶ 12. There are no other defendants in this action. Since the Plaintiff and members of the putative class are all citizens of a state different from Dick's, Dick's satisfies the minimal diversity requirement under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A).

### C. The Matter Plaintiff Places In Controversy Exceeds $5 Million.

18. Under CAFA's third and final requirement, the "matter in controversy" must "exceed[ ] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). Pursuant to 28 U.S.C. § 1332(d)(6), the claims of individual class members are aggregated to determine whether the matter in controversy exceeds this sum or value of $5,000,000 across the class.

17. To meet this requirement, a defendant's notice of removal need only include "a plausible allegation" that the matter in controversy "exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89. Even when a plaintiff's complaint does not state the matter in controversy, "the defendant's notice of removal may do so." *Id.* at 84; *see also Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 82 (1st Cir. 2014) (stating that it is sufficient for a defendant to "show a reasonable probability" that more than $5,000,000 is at stake). A defendant need only establish this matter in controversy by a preponderance of evidence. *See Dart*, 574 U.S. at 86-88.

18. Here, Plaintiff alleges that Plaintiff and the putative class members are entitled to the relief set forth by N.H. RSA 260:14, X, which is "the greater of actual damages or liquidated damages of $2,500 for *each* violation." Compl. ¶¶ 56-57, 71-72 (emphasis added). Based on the allegations in the Complaint, Plaintiff and "hundreds of thousands" of putative class members *each* seek to recover $2,500 on *each* violation.

19. Although Dick's disputes that it owes any damages, attorneys' fees, or other relief as alleged in the Complaint, and it disputes each and every asserted remedy or theory of recovery advanced in the Complaint, including claims for injunctive and declaratory relief, Dick's files this Notice in good faith and on a reasonable basis in law and fact that CAFA's requirement—that the

5

aggregate matter in controversy exceeds $5,000,000 across the class, exclusive of interest and costs—is satisfied. *See Romulus*, 770 F.3d 67 at 82; 28 U.S.C. § 1332(d)(6).

## II.  DICK'S SATISFIES THE PROCEDURAL REQUIREMENTS FOR REMOVAL

20. This Notice of Removal is properly filed in the United States District Court for the District of New Hampshire and sets forth Dick's "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

21. The Complaint was originally filed in the Superior Court of New Hampshire, a state court located within the District of New Hampshire. Thus, this Court is in the "district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a).

22. Upon information and belief, Plaintiff served Dick's with a Summons and Complaint on or about June 15, 2023. Dick's filed this Notice of Removal on July 13, 2023. Therefore, this Notice of Removal is timely filed within thirty (30) days of service of the Summons and Complaint. *See* 28 U.S.C. § 1446(b). No previous application has been made for the relief requested herein.

23. As set forth above, Dick's is not a citizen of the State of New Hampshire, the state in which this action was brought. *See* 28 U.S.C. § 1441(b).

24. Pursuant to 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served" on Dick's in the State Court Action is attached as Exhibit A. *See* 28 U.S.C. § 1446(a). A Notice to Counsel of Removal is being served on counsel for Plaintiff via email and First-Class mail. *See* Exhibit B. Additionally, a copy of this Notice of Removal is also being served upon counsel for Plaintiff and filed with the Superior Court of New Hampshire pursuant to 28 U.S.C. § 1446(d). *See* Exhibit C (State Court Notice).

25. Pursuant to this Court's Local Rule 81.1(c), Defendant is also requesting a certified copy of the State Court Record and will file same with this Court within fourteen (14) days of the filing of this Notice of Removal.

26. Dick's has not yet filed a responsive pleading in this case and reserves all rights to assert any and all defenses with respect to the Complaint.

27. For the foregoing reasons, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441, 1446 and 1453, and this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d).

## CONCLUSION

**WHEREFORE**, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453(b), Dick's removes this action from the Superior Court of New Hampshire to the United States District Court for the District of New Hampshire.

Respectfully submitted,

Dated: July 13, 2023    By: */s/ Michele E. Kenney*
Michele E. Kenney, Esq. (NH Bar No. 19333)
**PIERCE ATWOOD LLP**
1 New Hampshire Ave #350
Portsmouth, NH 03801
(603)-433-6300
mkenney@pierceatwood.com

Allison Holt Ryan, Esq. (*pro hac vice* forthcoming)
**HOGAN LOVELLS US LLP**
555 Thirteenth Street, NW
Washington, DC 20004-1109
Telephone: 202-637-5600
allison.holt-ryan@hoganlovells.com

#16228291v1

> Jasmeet K. Ahuja. Esq. (*pro hac vice* forthcoming)
> **HOGAN LOVELLS US LLP**
> 390 Madison Avenue
> New York, NY 10017
> Telephone: 212-918-3000
> jasmeet.ahuja@hoganlovells.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 13th day of July, 2023, a copy of the foregoing was electronically filed with the Court and served via U.S. Mail upon the following counsel of record:

Benjamin T. King
14 South Street, Suite 5
Concord, NH 03301
603-224-1988
benjamin@nhlawoffice.com

Philip L. Fraietta
Matthew A. Girardi
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
646-837-7150
pfraietta@bursor.com
mgirardi@bursor.com

By: */s/ Michele E. Kenney*
     Michele E. Kenney

#16228291v1