# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH  03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION



Case Name:  **Jodi Bourgeois v  Dick's Sporting Goods, Inc.**
Case Number:  **218-2023-CV-00686**

Date Complaint Filed: May 26, 2023
A Complaint has been filed against Dick's Sporting Goods, Inc. in this Court. A copy of the Complaint is attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| July 23, 2023 | Jodi Bourgeois shall have this Summons and the attached Complaint served upon Dick's Sporting Goods, Inc. by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| August 13, 2023 | Jodi Bourgeois shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | Dick's Sporting Goods, Inc. must electronically file an Appearance and Answer or other responsive pleading form with this Court.  A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to Dick's Sporting Goods, Inc.:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:

| | |
|---|---|
| Benjamin T. King, ESQ | Douglas Leonard & Garvey PC 14 South Street Suite 5 Concord NH  03301 |
| Dick's Sporting Goods, Inc. | 345 Court Street Coraopolis PA  15108 |

BY ORDER OF THE COURT

June 08, 2023

(126987)

Jennifer M. Haggar
Clerk of Court

True Copy Attest

*[signature]*

Jennifer M. Haggar, Clerk of Court
July 14, 2023

This is a Service Document For Case: 218-2023-CV-00686
Rockingham Superior Court
7/17/2023 8:47 AM

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court                                           Telephone: 1-855-212-1234
Rockingham Cty Courthouse/PO Box 1258                    TTY/TDD Relay: (800) 735-2964
Kingston NH  03848-1258                                              http://www.courts.state.nh.us

## JODI BOURGEOIS
## INSTRUCTIONS FOR SERVICE
## BY THE SHERIFF'S DEPARTMENT

Case Name:      **Jodi Bourgeois v  Dick's Sporting Goods, Inc.**
Case Number:   **218-2023-CV-00686**

**Instructions for:** **Jodi Bourgeois**

The attached Summons must be sent to the Sheriff's Department for service.  Service must be completed on or before **July 23, 2023**.
**Further action is required by you**
**You must:**
- **Print two copies of the Summons per defendant**
- **Print two copies of the Notice to Defendant per defendant**
- **Print two copies of the Complaint filed with the Court per defendant**
- **Make two packets for service.  Each packet should contain:**
    - **One Summons**
    - **Once Notice for Defendant**
    - **One Complaint filed with the Court**
- **Mail or hand deliver the packets to the Sheriff's Department in the county where each defendant resides.**

**Sheriff Departments in New Hampshire:**

Belknap County Sheriff's Department:                 Hillsborough County Sheriff's Department:
Carroll County Sheriff's Department:                   Merrimack County Sheriff's Department:
Cheshire County Sheriff's Department:                Rockingham County Sheriff's Department:
Coos County Sheriff's Department:                      Strafford County Sheriff's Department:
Grafton County Sheriff's Department:                  Sullivan County Sheriff's Department:

**\*If one or more of the parties resides out of state, please click here for the requirements\***
Service must be made upon the defendant before **July 23, 2023**.


If the Sheriff is unable to complete service by **July 23, 2023** you will receive a "Notice of Incomplete Service" from the Sheriff's Department.  You may request that new paperwork be issued by electronically filing a Request for Documents.  There is a fee for this request.


The Sheriff will mail the 'Return of Service' to you.  You MUST electronically file the 'Return of Service' with the court by August 13, 2023.


**If service is not made as directed, no further action will occur and the case may be dismissed by the court.**

# Important Service Information for Sheriff
## Do not file this with the court
Provide this information to the Sheriff's Department.
See Instructions for Service for more information.
**PLEASE PRINT CLEARLY**

Date: _____          Case #: _____

## Who are you requesting to be served?
Please provide whatever information you know

Name: _____

Address for service (no P.O. boxes):

_____          APT #: _____

_____

Home phone #: _____          Cell phone #: _____

Sex: ☐ Male  ☐ Female          Race: _____

Last 4 digits of SS#: xxx-xx-  _____  _____  _____  _____          D.O.B. _____

Work name & address:

_____

Special instructions for service (i.e. directions, best time to serve, cautions, etc.):

_____

_____

Vehicle description/license plate:

_____

## Your Information:
Name (please print): _____

Residential address:          Mailing address:

_____          _____

Phone number to contact you during business hours:

_____ Alternate #: _____

_____
Signature

♦**IN-HAND SERVICE WILL INCUR EXTRA COSTS DUE TO ADDITIONAL TRAVEL**♦

**SHERIFF OFFICE USE ONLY: (This will vary by Sheriff's Office)**

| | | |
|---|---|---|
| Fees Paid: $_____ Cash #: _____ Check#: _____ | | |
| Id#: _____ Waiver: _____ Money Order#: _____ Credit Card: _____ | | |
| Sheriff File # _____ Authorization #: _____ | | |

NHJB-2678-Se (07/01/2018)

Instructions for filing the Return of Service:

If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Select "I am filing into an existing case".  Enter 218-2023-CV-00686 and click Next.

2. When you find the case, click on the link follow the instructions on the screen.  On the "What would you like to file?" screen, select "File Other Document" and choose "Return of Service".

3.  Scan the Return of Service packet and follow the instructions in the electronic filing program to upload the Return of Service to complete your filing.

4. If the sheriff was unable to serve the paperwork, you can request new paperwork by filing a Request for Documents.  On the "What would you like to file?" screen, select "File Other Document" and choose "Request for Reissued Summons" from the menu and upload the Request for Documents form.


**FAILURE TO FILE THESE DOCUMENTS MAY RESULT IN YOUR CASE BEING DISMISSED.**


June 08, 2023                                    Jennifer M. Haggar
Date                                                  Clerk of Court


You can access documents electronically filed through our Case Access Portal by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case.  After your information is validated by the court, you will be able to view case information and documents filed in your case.

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court                                          Telephone: 1-855-212-1234
Rockingham Cty Courthouse/PO Box 1258                TTY/TDD Relay: (800) 735-2964
Kingston NH  03848-1258                                          http://www.courts.state.nh.us

## NOTICE TO DEFENDANT

Case Name:         **Jodi Bourgeois v  Dick's Sporting Goods, Inc.**
Case Number:       **218-2023-CV-00686**

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Rockingham Superior Court.**  Review the Complaint to see the basis for the Plaintiff's claim.

Each Defendant is required to electronically file an Appearance and Answer 30 days after service. You may register and respond on any private or public computer.  For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Complete the registration/log in process.  Click Register and follow the prompts.

2. After you register, click Start Now.  Select **Rockingham Superior Court** as the location.

3. Select "I am filing into an existing case".  Enter **218-2023-CV-00686** and click Next.

4. When you find the case, click on the link and follow the instructions on the screen.  On the "What would you like to file?" screen, select "File a Response to Civil Complaint".  Follow the instructions to complete your filing.

5. Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically to the email address you provide.

A person who is filing or defending against a Civil Complaint will want to be familiar with the Rules of the Superior Court, which are available on the court's website: www.courts.state.nh.us.

Once you have registered and responded to the summons, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

Filed
File Date: 5/26/2023 1:23 PM
Rockingham Superior Court
E-Filed Document

THE STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS.                                          SUPERIOR COURT

JODI BOURGEOIS,
individually and on behalf of all others similarly situated,
56 Ode Way
Manchester, NH 03103
v.                                      218-2023-CV-00686

DICK'S SPORTING GOODS, INC.
345 Court Street
Coraopolis, PA 15108

**CLASS ACTION COMPLAINT**
**Jury Trial Requested**

Plaintiff Jodi Bourgeois, individually and on behalf of all others similarly situated as set forth herein, alleges as follows:

**NATURE OF THE ACTION**

1.      This is a class action against Defendant Dick's Sporting Goods, Inc. ("Defendant" or "Dick's") for violating N.H. RSA 260:14 (the "Driver Privacy Act" or "DPA").

2.      Defendant requires its customers to release their personal information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) in the customers' respective driver's licenses at various points (collectively, "driver's license transactions" or "DLTs"), including, *inter alia*, when:

(a)      seeking to complete the return of an item without showing a receipt (during a "non-receipted return"); and

(b)      seeking to utilize in-store credit (i.e., via stored value cards) conferred upon the completion of non-receipted returns (upon wishing to complete "in-store credit transactions").

True Copy Attest

Jennifer M. Haggar, Clerk of Court
July 14, 2023

3.      In contravention of N.H. RSA 260:14, IX(a), Defendant knowingly discloses the information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) collected, during DLTs, from customers' respective driver's licenses (which constitute department records, under the DPA) to a person or persons known by Defendant to be an unauthorized person – including The Retail Equation.[1]

4.      In contravention of N.H. RSA 260:14, IX(b), Defendant, in the course of business, knowingly sells, rents, offers, or exposes for sale motor vehicle records collected during DLTs – specifically, customers' respective driver's licenses (issued or revoked by the department relative to motor vehicles) and/or the information, including personal information, contained in them – to The Retail Equation.

5.      Plaintiff and Class members were never informed by Defendant (and thus never knew) that the information from their respective driver's licenses would be disclosed, sold, rented, offered, or exposed for sale by Defendant, including to TRE.  Plaintiff and Class members thus never consented to Defendant's having disclosed, sold, rented, offered, or exposed for sale the information from their respective driver's licenses, including to TRE.

6.      Such policies and practices are illegal in the state of New Hampshire.

---

[1]      The Retail Equation ("TRE") is an entity owned by Appriss, Inc. that provides software used to recommend for retailers to approve or deny transactions (such as non-receipted returns).  Per TRE's website, located at https://www.theretailequation.com/, "The Retail Equation, Inc. (TRE) works with retailers to warn consumers when their return, exchange, post-sale adjustment, or re-shipment transactions (collectively known as 'Transactions') violate store policies or mimic excessive behaviors. Sometimes the Transaction is stopped." Specifically, the TRE Frequently Asked Questions ("FAQ") webpage, https://www.theretailequation.com/frequently-asked-questions/, states, "TRE Transaction Authorization examines the purchase and Transaction data from a specific retailer.  It examines the in-store and online transactions and connects them with an ID number—such as a form of payment or government-issued ID.  The system then analyzes that consumer's Transaction history with that retailer to identify activity that appears to be fraudulent or abusive or in violation of the retailer's policies."

## THE PARTIES

7.      Plaintiff Jodi Bourgeois ("Plaintiff") is a citizen of New Hampshire, residing in Manchester, New Hampshire.  Within the past three years, Plaintiff has made multiple returns of clothing to a Dick's retail store in Manchester, New Hampshire, including one non-receipted return.  Plaintiff similarly completed multiple in-store credit transactions at a Dick's retail store in Manchester, New Hampshire.

8.      Defendant required Plaintiff to release the personal information (including, but not limited to, Plaintiff's photograph or computerized image, social security number, driver identification number, name, address, telephone number, and/or medical or disability information) in her driver's license at various points ("DLTs"), including, *inter alia*, when Plaintiff sought to complete the return of an item without showing a receipt (during Plaintiff's "non-receipted return").

9.      In contravention of N.H. RSA 260:14, IX(a), Defendant knowingly disclosed this information (including, but not limited to, Plaintiff's photographs or computerized images, social security numbers, driver identification number, name, address, telephone number, and/or medical or disability information) collected, during Plaintiff 's DLTs, from Plaintiff 's driver's license (which constitutes a department record, under the DPA) to a person or persons known by Defendant to be an unauthorized person – including The Retail Equation.

10.      In contravention of N.H. RSA 260:14, IX(b), Defendant, in the course of business, knowingly sold, rented, offered, or exposed for sale motor vehicle records collected during DLTs – specifically, Plaintiff 's driver's license (issued or revoked by the department relative to motor vehicles) and/or the information, including personal information, contained in it – to The Retail Equation.

3

11.     Plaintiff was never informed by Defendant (and thus never knew) that the information from her driver's license would be disclosed, sold, rented, offered, or exposed for sale by Defendant, including to TRE.  Plaintiff thus never consented to Defendant's having disclosed, sold, rented, offered, or exposed for sale the information from her driver's license, including to TRE.

12.     Defendant Dick's Sporting Goods, Inc. ("Defendant" or "Dick's") is a Delaware corporation with its principal place of business in Coraopolis, Pennsylvania.  Defendant is an American sporting goods retailer.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to N.H. RSA 491:7.

14.     This Court may exercise personal jurisdiction over the defendant, pursuant to N.H. RSA 510:4, I, because Defendant is a nonresident who transacts business within in this state, has committed tortious acts within this state, and has the ownership, use, or possession of any real and personal property situated in this state, and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this State.

15.     Venue is proper in this judicial district pursuant to N.H. RSA 507:9 because Plaintiff resides in this County.

## FACTS COMMON TO ALL CLAIMS

16.     The DPA was enacted by the New Hampshire state legislature in 1996[2] and then subsequently amended in response to two primary interests – "public safety as well as privacy."[3] Regarding the former, New Hampshire legislators became aware, "in the course of drafting

---

[2]https://www.gencourt.state.nh.us/bill_status/legacy/bs2016/bill_docket.aspx?lsr=2290&sy=1996&sortoption=&txtsessionyear=1996&txtbillnumber=hb1508, HB 1508-FN (1996) Bill Docket.
[3] https://gencourt.state.nh.us/BillHistory/SofS_Archives/1996/senate/HB1508S.pdf, HB 1508-FN (1996) Senate Actions Archive, p. 28.

4

stalking legislation and domestic violence legislation that one of the ways that victims are located after great effort to hide their location is through the easy availability of motor vehicle records."[4]  The DPA and its legislative history evince the General Court of New Hampshire's desire to respond forcefully to such grave public safety-related dangers.

17.    For example, before opting to amend the DPA,[5] New Hampshire state legislators considered how, "on March 21, 2002, the New York Times did an article on a Boston bar [that] . . . swipes [driver's] licenses" and how "the bar's owner, is quoted as saying, 'You swipe the license and all of a sudden, someone's whole life, as we know it, pops up in front of you. It is almost voyeuristic.'"[6]  The DPA works to stymie such voyeurism.  Along these lines, one member of the General Court aptly remarked, during the process of amending the DPA, "[i]f my wife goes to the local 7-11 and buys a six-pack of beer, I don't think the guy behind the counter should have any ability whatsoever to see where she lives or any other information. It is none of his business.  And, it is a stalking problem, in my opinion."[7]

18.    Turning from these issues of public safety to those of privacy, more generally, John Stephen, the then-Assistant Commissioner for the New Hampshire Department of Safety, is quoted by the state legislature's Committee Minutes as having stated that New Hampshire's driver privacy law was meant "not just to prevent stalking, but … to prevent the use of motor vehicle records for purposes other than motor vehicle related safety and law enforcement."[8]  Mr. Stephen, expounding upon the definition of  "motor vehicle records," also stated: "RSA 260:14 is already pretty clear in its terms and that is one of the positions the Commissioner has in terms

---

[4] Id.
[5] https://www.gencourt.state.nh.us/bill_status/legacy/bs2016/bill_docket.aspx?lsr=2366&sy=2002&txttitle=motor%20vehicle%20records, HB 1456-FN (2002) Bill Docket.
[6] https://gencourt.state.nh.us/BillHistory/SofS_Archives/2002/senate/HB1456S.pdf, HB 1456-FN (2002) Senate Actions Archive, p. 12.
[7] Id. at p. 13.
[8] Id. at p. 16.

of enforcing motor vehicle records, that motor vehicle records are records that are kept by the

Department in its database and involves all registrations, histories, certificates, [and] licenses,

including personal information."[9]

19.    Critically, therefore, the DPA reflects the General Court of New Hampshire's

understanding that all such material – including driver's licenses and the confidential information

contained thereby and therein – are "property of the state."[10]  That is, the DPA's legislative

history reveals how "the information on your license, and in that [driver's license] magnetic

strip, belongs to the State of New Hampshire[.]"[11]

20.    Thus, as per then-Representative Neal Kurk, one of the sponsors of the DPA,[12] in

New Hampshire, it is vital:

> [t]hat the information given to the Department of Safety for the
> purpose of getting a license or registration is to be used by the
> Department and by others for those purposes only. It [i]s not to be
> used as a data bank for marketing.  It [i]s not to be used as a data
> bank for any other purpose; it [i]s to be used only to enforce motor
> vehicle laws.[13]

21.    Regarding the first of the proscribed types of conduct described by Mr. Kurk –

utilizing driver's licenses and the information contained thereby and therein to build a "data bank

for marketing" – the New Hampshire state legislature recognized that "the potential is there to

take the information off the back of [a driver's] license and keep a track record . . . of people that

… come in"[14] to a location.  The General Court noted that a business owner might "break down

---

[9] *Id.*

[10] https://gencourt.state.nh.us/BillHistory/SofS_Archives/2002/house/HB1456H.pdf, HB 1456-FN (2002) House
Actions Archive, p. 11.

[11] HB 1456-FN (2002) Senate Actions Archive, p. 12.

[12] https://www.gencourt.state.nh.us/bill_status/legacy/bs2016/Bill_status.aspx?lsr=2290&sy=1996&sortoption=&txts
essionyear=1996&txtbillnumber=hb1508, HB 1508-FN (1996) Bill Status.

[13] HB 1456-FN (2002) Senate Actions Archive, p. 28.

[14] *Id.* at p. 16.

his clients out by sex, age, zip code, or other characteristics."[15]  With relative ease, one can

conceive of how this type of data-gathering might give rise to invidious forms of discrimination.

22.     Additionally, the legislature worried about how the  hypothetical business owner

described *supra* "could find out how many blonde women named Karen over 5' 2" came in over

a weekend, how many of his customers have the middle initial M. and, more practically, he can

build mailing lists based on all that data and keep track of who comes back."[16]  Thus, even when

customers have otherwise sought to maintain their privacy (i.e., by paying at a store with cash

rather than a credit or debit card, by withholding their names from store associates, by choosing

not to share with store associates any receipts from their prior purchases, etc.), the hypothetical

business owner with prying eyes might – profitably and permanently – link a person's business

transactions with that person's identity, simply (and perhaps unbeknownst to said person) by

collecting the person's driver's license.  The General Court, through the DPA, wished to put an

end to these sorts of circumstances, in which unscrupulous entities might attempt to turn a profit

by usurping the aforementioned property of the state – and to how, by building databases and/or

mailing lists from driver's license information, one can "tell what people have purchased, what

they haven't purchased and you can sell those lists."[17]

23.     Relatedly, the legislative history of the DPA marks the General Court's

apprehension regarding the ways in which such lists or databases might be used, by entities other

than the Department of Safety, and to the detriment of even a privacy-minded person, like people

alluded to above, in order to "establish who that person really is" and "build a database for bio-

metrics."[18]  At least one legislator was particularly dismayed and perturbed by the notion that

---

[15] *Id.* at p. 12.
[16] *Id.*
[17] *Id.* at p. 13.
[18] *Id.*

businesses might, eventually, exert pressure on States so that they "put a fingerprint or a thumbprint on your license. That will be encoded into the magnetic strip and once again, they [(the driver's license database-building entities)] will have it."[19]

24.     The DPA also responds to how driver's licenses and their attendant personal information may be incorporated into other types of data banks and non-sanctioned activities, as discussed by Mr. Kurk, *supra*.  Specifically, the DPA's legislative history includes contemplation about how, when entities utilize "licenses and they start keeping databases, it is pretty easy to trace where you have been, probably easy to trace who you were with. So, it is, in my opinion, big brother. The point is that we don't need it."[20]  Thus, the DPA serves to protect the ability of New Hampshire residents to move unobtrusively and without uninvited surveillance or scrutiny.

25.     Indeed, a New Hampshire-based news outlet relates:

> John Stephen, assistant commissioner of the N.H. Department of Safety, said, "The Legislature gave a clear intent when they passed the driver privacy act — to protect driver information.  The bottom line is that the act of establishing a database using that information is, in our minds, contrary to the intent of that law.  This should not be done in New Hampshire.  It's clear in our minds, people in this state are very committed to protecting the information the Department of Motor Vehicles retains on drivers." Stephen said the retail operations have not been authorized to use or to collect the information on drivers' licenses, and he wants the practice to stop. "No agency, outside of law enforcement, has been authorized by the Department of Motor Vehicles to collect this information, for any purpose," Stephen said.[21]

26.     However, Defendant plainly violates the Driver Privacy Act.

27.     In the DPA – N.H. RSA 260:14, I – it is stated that, "In this section:"

---

[19] *Id.*
[20] *Id.*
[21] https://www.seacoastonline.com/story/news/2001/08/19/scanning-licenses-violates-spirit-law/51299154007/.

> (a) "Motor vehicle records" means all applications, reports required by law, registrations, histories, certificates, and licenses issued or revoked by the department relative to motor vehicles and the information, including personal information, contained in them.
>
> (b) "Person" means an individual, organization or entity, but shall not include this state or an agency thereof. "Person" shall include the personal representative of any person injured or killed in the motor vehicle accident, including the person's conservator, executor, administrator, or next of kin as defined in RSA 259:66-a.
>
> (c) "Personal information" means information in motor vehicle records that identifies a person, including a person's photograph or computerized image, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information.
>
> (d) " Legitimate business " means a business which is registered in New Hampshire and which receives compensation in connection with matters of motor vehicle or driver safety or theft, motor vehicle emissions, and motor vehicle market research activities, including survey research.

N.H. RSA 260:14, I(a)-(d).

28.    Under these definitions:

(a)    Defendant's customers' driver's licenses, including the personal information contained in them, constitute "motor vehicle records." N.H. RSA 260:14, I(a).

(b)    Defendant, as an "organization or entity," constitutes a "person." N.H. RSA 260:14, I(b).

(c)    The information in Defendant's customers' driver's licenses (which are "motor vehicle records," as stated *supra*), including each customer's person's photograph or computerized image, social security number, driver identification number,

name, address (but not the 5-digit zip code), telephone number, and medical or disability

information, constitutes "personal information."  N.H. RSA 260:14, I(c).

(d)    Defendant is not a "legitimate business" because Defendant does

not receive compensation in connection with matters of motor vehicle or driver safety or

theft, motor vehicle emissions, and motor vehicle market research activities, including

survey research.  N.H. RSA 260:14, I(d).

29.    N.H. RSA 260:14, IX(a) provides:

> A person is guilty of a misdemeanor if such person knowingly
> discloses information from a department record to a person known
> by such person to be an unauthorized person; knowingly makes a
> false representation to obtain information from a department
> record; or knowingly uses such information for any use other than
> the use authorized by the department.  In addition, any professional
> or business license issued by this state and held by such person
> may, upon conviction and at the discretion of the court, be revoked
> permanently or suspended.  Each such unauthorized disclosure,
> unauthorized use or false representation shall be considered a
> separate offense.

N.H. RSA 260:14, IX(a).

30.    In contravention of N.H. RSA 260:14, IX(a), Defendant knowingly discloses the

information (including, but not limited to, customers' photographs or computerized images,

social security numbers, driver identification numbers, names, addresses, telephone numbers,

and/or medical or disability information) from customers' respective driver's licenses (acquired

during non-receipted returns, in-store credit transactions, and/or other DLTs), which constitute

department records, under the DPA, to a person or persons known by Defendant to be an

unauthorized person – including The Retail Equation.

31.    Defendant engages in this conduct so that TRE, on Defendant's behalf, may

connect customers' in-store and/or online transactions with customers' government-issued IDs

and then analyze customers' transaction history with Defendant to identify activity that appears

to be fraudulent, abusive, or in violation of the Defendant's policies (i.e., Defendant's checkout,

non-receipted return, and/or in-store credit transactions policies).

32.  N.H. RSA 260:14, IX(b) provides:

> A person is guilty of a class B felony if, in the course of business,
> such person knowingly sells, rents, offers, or exposes for sale
> motor vehicle records to another person in violation of this section.

N.H. RSA 260:14, IX(b).

33.  In contravention of N.H. RSA 260:14, IX(b), Defendant, in the course of

business, knowingly sells, rents, offers, or exposes for sale motor vehicle records collected

during DLTs – specifically, customers' respective driver's licenses issued or revoked by the

department relative to motor vehicles and/or the information, including personal information,

contained in them – to The Retail Equation.

34.  Defendant engages in this conduct so that TRE, on Defendant's behalf, may

connect customers' in-store and/or online transactions with customers' government-issued IDs

and then analyze customers' transaction history with Defendant to identify activity that appears

to be fraudulent, abusive, or in violation of the Defendant's policies (i.e., Defendant's checkout,

non-receipted return, and/or in-store credit transactions policies).

35.  Plaintiff brings this action to prevent Defendant from further encroaching upon

the privacy rights of New Hampshire residents, and to recover liquidated damages for

Defendant's violations of the DPA.

## CLASS ACTION ALLEGATIONS

36.  Plaintiff seeks to represent a class (the "Class") defined as:

> All persons in the State of New Hampshire whose driver's license
> information (including, but not limited to, customers' photographs

> or computerized images, social security numbers, driver
> identification numbers, names, addresses, telephone numbers,
> and/or medical or disability information) was collected by
> Defendant and disclosed, sold, rented, offered, or exposed for sale
> by Defendant, including to The Retail Equation.

37.    Excluded from the Class are Defendant, its subsidiaries, affiliates, officers, directors, assigns and successors, and any entity in which it has a controlling interest, and the Judge to whom this case is assigned and any member of his or her immediate family.

38.    Members of the Class are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Class number in the hundreds of thousands.  The precise number of Class members and their identities are unknown to Plaintiff at this time but will be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

39.    Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to:

(a)    whether Defendant "knowingly discloses information from a department record to a person known by such person to be an unauthorized person; knowingly makes a false representation to obtain information from a department record; or knowingly uses such information for any use other than the use authorized by the department";

(b)    whether in the course of business, Defendant "knowingly sells, rents, offers, or exposes for sale motor vehicle records to another person";

(c)    whether Defendant's conduct violates N.H. RSA 260:14, IX(a), N.H. RSA 260:14, IX(b), and/or any other applicable laws; and

(d)      whether, as a result of Defendant's misconduct as alleged herein, Plaintiff and Class members are entitled to restitution, injunctive, and/or monetary relief and, if so, the amount and nature of such relief.

40.      Plaintiff's claims are typical of the claims of Class members because Plaintiff, like all class members, had her driver's license information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) collected by Defendant and disclosed, sold, rented, offered, or exposed for sale by Defendant, including to The Retail Equation.

41.      Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained counsel competent and experienced in prosecuting class actions, and she intends to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

42.      The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of

13

Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Violation of N.H. RSA 260:14, IX(a)

43.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

44.    Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

45.    Defendant's customers' driver's licenses, including the personal information contained therein, constitute "motor vehicle records" under N.H. RSA 260:14, I(a).

46.    Defendant, as an "organization or entity," constitutes a "person" under N.H. RSA 260:14, I(b).

47.    The information in Defendant's customers' driver's licenses (which are "motor vehicle records," as stated *supra*), including each customer's person's photograph or computerized image, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, constitutes "personal information" under N.H. RSA 260:14, I(c).

48.    Defendant is not a "legitimate business" under N.H. RSA 260:14, I(d) because Defendant does not receive compensation in connection with matters of motor vehicle or driver safety or theft, motor vehicle emissions, and motor vehicle market research activities, including survey research.

49.    Defendant requires its customers to release their personal information (including, but not limited to, customers' photographs or computerized images, social security numbers,

driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) in the customers' respective driver's licenses at various points (collectively, "driver's license transactions" or "DLTs"), including, *inter alia*, when:

(a)     seeking to complete the return of an item without showing a receipt (during a "non-receipted return").

(b)     seeking to utilize in-store credit (i.e., via stored value cards) conferred upon the completion of non-receipted returns (upon wishing to complete "in-store credit transactions").

50.     N.H. RSA 260:14, IX(a) provides:

> A person is guilty of a misdemeanor if such person knowingly discloses information from a department record to a person known by such person to be an unauthorized person; knowingly makes a false representation to obtain information from a department record; or knowingly uses such information for any use other than the use authorized by the department. In addition, any professional or business license issued by this state and held by such person may, upon conviction and at the discretion of the court, be revoked permanently or suspended. Each such unauthorized disclosure, unauthorized use or false representation shall be considered a separate offense.

N.H. RSA 260:14, IX(a).

51.     In contravention of N.H. RSA 260:14, IX(a), Defendant knowingly discloses the information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) from customers' respective driver's licenses (acquired during non-receipted returns, in-store credit transactions, and/or other DLTs), which constitute department records, under the DPA, to a person or persons known by Defendant to be an unauthorized person – including The Retail Equation.

52.     Defendant engages in this conduct so that TRE, on Defendant's behalf, may connect customers' in-store and/or online transactions with customers' government-issued IDs and then analyze customers' transaction history with Defendant to identify activity that appears to be fraudulent, abusive, or in violation of the Defendant's policies (i.e., Defendant's checkout, non-receipted return, and/or in-store credit transactions policies).

53.     Plaintiff and Class members were never informed by Defendant (and thus never knew) that the information from their respective driver's licenses would be disclosed by Defendant, including to TRE.  Plaintiff and Class members thus never consented to Defendant's having disclosed the information from their respective driver's licenses, including to TRE.

54.     Each time that Defendant knowingly disclosed the information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) from customers' respective driver's licenses (acquired during non-receipted returns, in-store credit transactions, and/or other transactions) – which constitute department records, under the DPA – to a person or persons known by Defendant to be an unauthorized person – including The Retail Equation – Defendant committed a separate violation of Plaintiff's and the other Class members' respective rights to privacy, as set forth by N.H. RSA 260:14, IX(a), thereby damaging Plaintiff and Class members.

55.     Plaintiff and Class members were injured as a direct and proximate result of Defendant's conduct, pursuant to N.H. RSA 260:14, IX(a), because:

(a)     Had Plaintiff and Class members been conferred the opportunity to provide or withhold their consent to Defendant's having disclosed the information from their respective driver's licenses, including to TRE, they would have withheld their consent.

(b)    By disclosing customers' information to a person or persons known by Defendant to be an unauthorized person – including The Retail Equation – Defendant has encroached upon Plaintiff's and the Class members' respective privacy rights to control the collection, use, and disclosure of their personal information.

56.    N.H. RSA 260:14, X provides:

> The department and any person aggrieved by a violation of this section may bring a civil action under this section and, if successful, shall be awarded the greater of actual damages or liquidated damages of $2,500 for each violation; reasonable attorneys' fees and other litigation costs reasonably incurred; and such other equitable relief as the court determines to be appropriate.

N.H. RSA 260:14, X.

57.    Accordingly, with respect to Count I, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth by the statue, including liquidated damages of $2,500 for each violation, reasonable attorneys' fees and other litigation costs reasonably incurred, and such other equitable relief as the court determines to be appropriate.

## COUNT II
### Violation of N.H. RSA 260:14, IX(b)

58.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

59.    Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

60.    Defendant's customers' driver's licenses, including the personal information contained in them, constitute "motor vehicle records" under N.H. RSA 260:14, I(a).

61.    Defendant, as an "organization or entity," constitutes a "person" under N.H. RSA 260:14, I(b).

62.    The information in Defendant's customers' driver's licenses (which are "motor vehicle records," as stated supra), including each customer's person's photograph or computerized image, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, constitutes "personal information" under N.H. RSA 260:14, I(c).

63.    Defendant is not a "legitimate business" under N.H. RSA 260:14, I(d) because Defendant does not receive compensation in connection with matters of motor vehicle or driver safety or theft, motor vehicle emissions, and motor vehicle market research activities, including survey research.

64.    Defendant requires its customers to release their personal information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) in the customers' respective driver's licenses at various points (collectively, "driver's license transactions" or "DLTs"), including, *inter alia*, when:

(a)    seeking to complete the return of an item without showing a receipt (during a "non-receipted return"); and

(b)    seeking to utilize in-store credit (i.e., via stored value cards) conferred upon the completion of non-receipted returns (upon wishing to complete "in-store credit transactions").

65.    N.H. RSA 260:14, IX(b) provides:

> A person is guilty of a class B felony if, in the course of business,
> such person knowingly sells, rents, offers, or exposes for sale
> motor vehicle records to another person in violation of this section.

N.H. RSA 260:14, IX(b).

66.     In contravention of N.H. RSA 260:14, IX(b), Defendant, in the course of business, knowingly sells, rents, offers, or exposes for sale motor vehicle records collected during DLTs – specifically, customers' respective driver's licenses issued or revoked by the department relative to motor vehicles and/or the information, including personal information, contained in them – to The Retail Equation.

67.     Defendant engages in this conduct so that TRE, on Defendant's behalf, may connect customers' in-store and/or online transactions with customers' government-issued IDs and then analyze customers' transaction history with Defendant to identify activity that appears to be fraudulent, abusive, or in violation of the Defendant's policies (i.e., Defendant's checkout, non-receipted return, and/or in-store credit transactions policies).

68.     Plaintiff and Class members were never informed by Defendant (and thus never knew) that their motor vehicle records (their driver's licenses and the personal information contained in them) would be sold, rented, offered, or exposed for sale by Defendant, including to TRE.  Plaintiff and Class members thus never consented to Defendant's having sold, rented, offered, or exposed for sale their motor vehicle records (their driver's licenses and the personal information contained in them), including to TRE.

69.     Each time that Defendant knowingly sold, rented, offered, or exposed for sale customers' motor vehicle records (their driver's licenses and the personal information contained in them) to another person – including The Retail Equation – Defendant committed a separate violation of Plaintiff's and the other Class members' respective rights to privacy, as set forth by N.H. RSA 260:14, IX(b), thereby damaging Plaintiff and Class members.

70.     Plaintiff and Class members were injured as a direct and proximate result of Defendant's conduct, pursuant to N.H. RSA 260:14, IX(b), because:

(a)    Had Plaintiff and Class members been conferred the opportunity to provide or withhold their consent to Defendant's having sold, rented, offered, or exposed for sale their motor vehicle records (their driver's licenses and the personal information contained in them), including to TRE, they would have withheld their consent.

(b)    By having sold, rented, offered, or exposed for sale customers' motor vehicle records (their driver's licenses and the personal information contained in them) to another person – including The Retail Equation – Defendant has thus encroached upon Plaintiff's and the Class members' respective privacy rights to control the collection, use, and disclosure of their personal information.

71.    N.H. RSA 260:14, X provides:

> The department and any person aggrieved by a violation of this section may bring a civil action under this section and, if successful, shall be awarded the greater of actual damages or liquidated damages of $2,500 for each violation; reasonable attorneys' fees and other litigation costs reasonably incurred; and such other equitable relief as the court determines to be appropriate.

N.H. RSA 260:14, X.

72.    Accordingly, with respect to Count II, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth by the statute, including liquidated damages of $2,500 for each violation, reasonable attorneys' fees and other litigation costs reasonably incurred, and such other equitable relief as the court determines to be appropriate.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a.    For an order certifying the Class under N.H. Super.  Ct. R. CIV 16 and naming Plaintiff as representative of the Classes and Plaintiff's attorneys as Class Counsel to represent the Class members;

20

b.      For an order declaring that Defendant's conduct, as set out above, violates the DPA, N.H. RSA 260:14;

c.      For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

d.      For liquidated damages of $2,500.00 for each of Defendant's violations of the DPA, pursuant to N.H. RSA 260:14, X;

e.      For injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, an order requiring Defendant to comply with N.H. RSA 260:14, IX(a), and N.H. RSA 260:14, IX(b);

f.      For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit;

g.      For pre- and post-judgment interest on all amounts awarded, to the extent allowable; and

h.      For such other and further relief as the Court may deem proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action and issues so triable.

Respectfully submitted,
JODI BOURGEOIS,
By her attorneys,

**DOUGLAS, LEONARD & GARVEY, P.C.**

Date:  May 26, 2023        By:    /s/ Benjamin T. King
                                   Benjamin T. King, NH Bar #12888
                                   14 South Street, Suite 5
                                   Concord, NH 03301
                                   (603) 224-1988
                                   benjamin@nhlawoffice.com

            and

**BURSOR & FISHER, P.A.**

Date:  May 26, 2023        By:    /s/ Philip L. Fraietta
                                   Philip L. Fraietta, NY Bar #5297825
                                   (*to be admitted pro hac vice*)
                                   Matthew A. Girardi, NY Bar #5857057
                                   (*to be admitted pro hac vice*)
                                   1330 Avenue of the Americas, 32nd Floor
                                   New York, NY 10019
                                   (646) 837-7150
                                   pfraietta@bursor.com; mgirardi@bursor.com

Filed
File Date: 6/19/2023 9:51 AM
Rockingham Superior Court
E-Filed Document

**Merrimack County Sheriff's Office**
DAVID A. CROFT
333 Daniel Webster Hwy
Boscawen, NH 03303
Phone: 603-796-6600

DICKS SPORTING GOODS, INC.
10 FERRY ST    313
CONCORD, NH 03301

### AFFIDAVIT OF SERVICE

MERRIMACK, SS                                    6/ 15/23

I, DEPUTY BRIAN J DEFRANZO, on this date at 11:15 a.m./p.m., summoned the within named defendant DICKS'S SPORTING GOODS, INC. as within commanded, by leaving at the office of Registered Agent Corporation Service Company, 10 Ferry Street, Suite 313, Concord, said County and State of New Hampshire, its true and lawful agent for service of process under and by virtue of Chapter 293-A New Hampshire RSA, as amended, a true and attested copy of this Summons and Complaint.

FEES

    Service      $30.66
    Postage       1.00
    Travel       18.34
                 _____
TOTAL            $50.00

DEPUTY BRIAN J DEFRANZO
Merrimack County Sheriff's Office

True Copy Attest

Jennifer M. Haggar, Clerk of Court

July 14, 2023



# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH 03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION



Case Name:   **Jodi Bourgeois v  Dick's Sporting Goods, Inc.**
Case Number:   **218-2023-CV-00686**

Date Complaint Filed: May 26, 2023
A Complaint has been filed against Dick's Sporting Goods, Inc. in this Court. A copy of the Complaint
is attached.

## The Court ORDERS that ON OR BEFORE:

| | |
|---|---|
| July 23, 2023 | Jodi Bourgeois shall have this Summons and the attached Complaint served upon Dick's Sporting Goods, Inc. by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| August 13, 2023 | Jodi Bourgeois shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | Dick's Sporting Goods, Inc. must electronically file an Appearance and Answer or other responsive pleading form with this Court.  A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to Dick's Sporting Goods, Inc.:** If you do not comply with these requirements you will be
considered in default and the Court may issue orders that affect you without your input.

Send copies to:

| | |
|---|---|
| Benjamin T. King, ESQ | Douglas Leonard & Garvey PC 14 South Street Suite 5 Concord NH  03301 |
| Dick's Sporting Goods, Inc. | 345 Court Street Coraopolis PA  15108 |

BY ORDER OF THE COURT

June 08, 2023

Jennifer M. Haggar
Clerk of Court

(126987)

This is a Service Document For Case: 218-2023-CV-00686
Rockingham Superior Court
6/8/2023 1:54 PM

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH  03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE TO DEFENDANT

Case Name:     **Jodi Bourgeois v Dick's Sporting Goods, Inc.**
Case Number:   **218-2023-CV-00686**

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Rockingham Superior Court.**  Review the Complaint to see the basis for the Plaintiff's claim.

Each Defendant is required to electronically file an Appearance and Answer 30 days after service. You may register and respond on any private or public computer.  For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Complete the registration/log in process.  Click Register and follow the prompts.

2. After you register, click Start Now.  Select **Rockingham Superior Court** as the location.

3. Select "I am filing into an existing case".  Enter **218-2023-CV-00686** and click Next.

4. When you find the case, click on the link and follow the instructions on the screen.  On the "What would you like to file?" screen, select "File a Response to Civil Complaint".  Follow the instructions to complete your filing.

5. Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically to the email address you provide.

A person who is filing or defending against a Civil Complaint will want to be familiar with the Rules of the Superior Court, which are available on the court's website: www.courts.state.nh.us.

Once you have registered and responded to the summons, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

NHJB-2678-Se (07/01/2018)

Filed
File Date: 5/26/2023 1:23 PM
Rockingham Superior Court
E-Filed Document

THE STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS.                                           SUPERIOR COURT

JODI BOURGEOIS,
individually and on behalf of all others similarly situated,
56 Ode Way
Manchester, NH 03103                          218-2023-CV-00686
v.

DICK'S SPORTING GOODS, INC.
345 Court Street
Coraopolis, PA 15108

## CLASS ACTION COMPLAINT
### Jury Trial Requested

Plaintiff Jodi Bourgeois, individually and on behalf of all others similarly situated as set

forth herein, alleges as follows:

### NATURE OF THE ACTION

1.      This is a class action against Defendant Dick's Sporting Goods, Inc. ("Defendant"

or "Dick's") for violating N.H. RSA 260:14 (the "Driver Privacy Act" or "DPA").

2.      Defendant requires its customers to release their personal information (including,

but not limited to, customers' photographs or computerized images, social security numbers,

driver identification numbers, names, addresses, telephone numbers, and/or medical or disability

information) in the customers' respective driver's licenses at various points (collectively,

"driver's license transactions" or "DLTs"), including, *inter alia*, when:

(a)      seeking to complete the return of an item without showing a receipt

(during a "non-receipted return"); and

(b)      seeking to utilize in-store credit (i.e., via stored value cards) conferred

upon the completion of non-receipted returns (upon wishing to complete "in-store credit

transactions").

3.     In contravention of N.H. RSA 260:14, IX(a), Defendant knowingly discloses the information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) collected, during DLTs, from customers' respective driver's licenses (which constitute department records, under the DPA) to a person or persons known by Defendant to be an unauthorized person – including The Retail Equation.[1]

4.     In contravention of N.H. RSA 260:14, IX(b), Defendant, in the course of business, knowingly sells, rents, offers, or exposes for sale motor vehicle records collected during DLTs – specifically, customers' respective driver's licenses (issued or revoked by the department relative to motor vehicles) and/or the information, including personal information, contained in them – to The Retail Equation.

5.     Plaintiff and Class members were never informed by Defendant (and thus never knew) that the information from their respective driver's licenses would be disclosed, sold, rented, offered, or exposed for sale by Defendant, including to TRE.  Plaintiff and Class members thus never consented to Defendant's having disclosed, sold, rented, offered, or exposed for sale the information from their respective driver's licenses, including to TRE.

6.     Such policies and practices are illegal in the state of New Hampshire.

---

[1]     The Retail Equation ("TRE") is an entity owned by Appriss, Inc. that provides software used to recommend for retailers to approve or deny transactions (such as non-receipted returns). Per TRE's website, located at https://www.theretailequation.com/, "The Retail Equation, Inc. (TRE) works with retailers to warn consumers when their return, exchange, post-sale adjustment, or re-shipment transactions (collectively known as 'Transactions') violate store policies or mimic excessive behaviors. Sometimes the Transaction is stopped." Specifically, the TRE Frequently Asked Questions ("FAQ") webpage, https://www.theretailequation.com/frequently-asked-questions/, states, "TRE Transaction Authorization examines the purchase and Transaction data from a specific retailer. It examines the in-store and online transactions and connects them with an ID number—such as a form of payment or government-issued ID. The system then analyzes that consumer's Transaction history with that retailer to identify activity that appears to be fraudulent or abusive or in violation of the retailer's policies."

2

**THE PARTIES**

7.      Plaintiff Jodi Bourgeois ("Plaintiff") is a citizen of New Hampshire, residing in Manchester, New Hampshire.  Within the past three years, Plaintiff has made multiple returns of clothing to a Dick's retail store in Manchester, New Hampshire, including one non-receipted return.  Plaintiff similarly completed multiple in-store credit transactions at a Dick's retail store in Manchester, New Hampshire.

8.      Defendant required Plaintiff to release the personal information (including, but not limited to, Plaintiff's photograph or computerized image, social security number, driver identification number, name, address, telephone number, and/or medical or disability information) in her driver's license at various points ("DLTs"), including, *inter alia*, when Plaintiff sought to complete the return of an item without showing a receipt (during Plaintiff's "non-receipted return").

9.      In contravention of N.H. RSA 260:14, IX(a), Defendant knowingly disclosed this information (including, but not limited to, Plaintiff's photographs or computerized images, social security numbers, driver identification number, name, address, telephone number, and/or medical or disability information) collected, during Plaintiff 's DLTs, from Plaintiff 's driver's license (which constitutes a department record, under the DPA) to a person or persons known by Defendant to be an unauthorized person – including The Retail Equation.

10.      In contravention of N.H. RSA 260:14, IX(b), Defendant, in the course of business, knowingly sold, rented, offered, or exposed for sale motor vehicle records collected during DLTs – specifically, Plaintiff 's driver's license (issued or revoked by the department relative to motor vehicles) and/or the information, including personal information, contained in it – to The Retail Equation.

11.    Plaintiff was never informed by Defendant (and thus never knew) that the information from her driver's license would be disclosed, sold, rented, offered, or exposed for sale by Defendant, including to TRE.  Plaintiff thus never consented to Defendant's having disclosed, sold, rented, offered, or exposed for sale the information from her driver's license, including to TRE.

12.    Defendant Dick's Sporting Goods, Inc. ("Defendant" or "Dick's") is a Delaware corporation with its principal place of business in Coraopolis, Pennsylvania.  Defendant is an American sporting goods retailer.

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction pursuant to N.H. RSA 491:7.

14.    This Court may exercise personal jurisdiction over the defendant, pursuant to N.H. RSA 510:4, I, because Defendant is a nonresident who transacts business within in this state, has committed tortious acts within this state, and has the ownership, use, or possession of any real and personal property situated in this state, and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this State.

15.    Venue is proper in this judicial district pursuant to N.H. RSA 507:9 because Plaintiff resides in this County.

## FACTS COMMON TO ALL CLAIMS

16.    The DPA was enacted by the New Hampshire state legislature in 1996[2] and then subsequently amended in response to two primary interests – "public safety as well as privacy."[3] Regarding the former, New Hampshire legislators became aware, "in the course of drafting

---

[2] https://www.gencourt.state.nh.us/bill_status/legacy/bs2016/bill_docket.aspx?lsr=2290&sy=1996&sortoption=&txtsessionyear=1996&txtbillnumber=hb1508, HB 1508-FN (1996) Bill Docket.
[3] https://gencourt.state.nh.us/BillHistory/SofS_Archives/1996/senate/HB1508S.pdf, HB 1508-FN (1996) Senate Actions Archive, p. 28.

4

stalking legislation and domestic violence legislation that one of the ways that victims are located after great effort to hide their location is through the easy availability of motor vehicle records."[4]  The DPA and its legislative history evince the General Court of New Hampshire's desire to respond forcefully to such grave public safety-related dangers.

17.    For example, before opting to amend the DPA,[5] New Hampshire state legislators considered how, "on March 21, 2002, the New York Times did an article on a Boston bar [that] . . . swipes [driver's] licenses" and how "the bar's owner, is quoted as saying, 'You swipe the license and all of a sudden, someone's whole life, as we know it, pops up in front of you. It is almost voyeuristic.'"[6]  The DPA works to stymie such voyeurism.  Along these lines, one member of the General Court aptly remarked, during the process of amending the DPA, "[i]f my wife goes to the local 7-11 and buys a six-pack of beer, I don't think the guy behind the counter should have any ability whatsoever to see where she lives or any other information. It is none of his business.  And, it is a stalking problem, in my opinion."[7]

18.    Turning from these issues of public safety to those of privacy, more generally, John Stephen, the then-Assistant Commissioner for the New Hampshire Department of Safety, is quoted by the state legislature's Committee Minutes as having stated that New Hampshire's driver privacy law was meant "not just to prevent stalking, but ... to prevent the use of motor vehicle records for purposes other than motor vehicle related safety and law enforcement."[8]  Mr. Stephen, expounding upon the definition of "motor vehicle records," also stated: "RSA 260:14 is already pretty clear in its terms and that is one of the positions the Commissioner has in terms

---

[4] *Id.*
[5] https://www.gencourt.state.nh.us/bill_status/legacy/bs2016/bill_docket.aspx?lsr=2366&sy=2002&txttitle=motor%20vehicle%20records, HB 1456-FN (2002) Bill Docket.
[6] https://gencourt.state.nh.us/BillHistory/SofS_Archives/2002/senate/HB1456S.pdf, HB 1456-FN (2002) Senate Actions Archive, p. 12.
[7] *Id.* at p. 13.
[8] *Id.* at p. 16.

5

of enforcing motor vehicle records, that motor vehicle records are records that are kept by the

Department in its database and involves all registrations, histories, certificates, [and] licenses,

including personal information."[9]

19.    Critically, therefore, the DPA reflects the General Court of New Hampshire's

understanding that all such material – including driver's licenses and the confidential information

contained thereby and therein – are "property of the state."[10]  That is, the DPA's legislative

history reveals how "the information on your license, and in that [driver's license] magnetic

strip, belongs to the State of New Hampshire[.]"[11]

20.    Thus, as per then-Representative Neal Kurk, one of the sponsors of the DPA,[12] in

New Hampshire, it is vital:

> [t]hat the information given to the Department of Safety for the
> purpose of getting a license or registration is to be used by the
> Department and by others for those purposes only. It [i]s not to be
> used as a data bank for marketing.  It [i]s not to be used as a data
> bank for any other purpose; it [i]s to be used only to enforce motor
> vehicle laws.[13]

21.    Regarding the first of the proscribed types of conduct described by Mr. Kurk –

utilizing driver's licenses and the information contained thereby and therein to build a "data bank

for marketing" – the New Hampshire state legislature recognized that "the potential is there to

take the information off the back of [a driver's] license and keep a track record . . . of people that

… come in"[14] to a location.  The General Court noted that a business owner might "break down

---

[9] *Id.*
[10] https://gencourt.state.nh.us/BillHistory/SofS_Archives/2002/house/HB1456H.pdf, HB 1456-FN (2002) House Actions Archive, p. 11.
[11] HB 1456-FN (2002) Senate Actions Archive, p. 12.
[12] https://www.gencourt.state.nh.us/bill_status/legacy/bs2016/Bill_status.aspx?lsr=2290&sy=1996&sortoption=&txtsessionyear=1996&txtbillnumber=hb1508, HB 1508-FN (1996) Bill Status.
[13] HB 1456-FN (2002) Senate Actions Archive, p. 28.
[14] *Id.* at p. 16.

his clients out by sex, age, zip code, or other characteristics."[15] With relative ease, one can conceive of how this type of data-gathering might give rise to invidious forms of discrimination.

22.     Additionally, the legislature worried about how the  hypothetical business owner described *supra* "could find out how many blonde women named Karen over 5' 2" came in over a weekend, how many of his customers have the middle initial M. and, more practically, he can build mailing lists based on all that data and keep track of who comes back."[16] Thus, even when customers have otherwise sought to maintain their privacy (i.e., by paying at a store with cash rather than a credit or debit card, by withholding their names from store associates, by choosing not to share with store associates any receipts from their prior purchases, etc.), the hypothetical business owner with prying eyes might – profitably and permanently – link a person's business transactions with that person's identity, simply (and perhaps unbeknownst to said person) by collecting the person's driver's license.  The General Court, through the DPA, wished to put an end to these sorts of circumstances, in which unscrupulous entities might attempt to turn a profit by usurping the aforementioned property of the state – and to how, by building databases and/or mailing lists from driver's license information, one can "tell what people have purchased, what they haven't purchased and you can sell those lists."[17]

23.     Relatedly, the legislative history of the DPA marks the General Court's apprehension regarding the ways in which such lists or databases might be used, by entities other than the Department of Safety, and to the detriment of even a privacy-minded person, like people alluded to above, in order to "establish who that person really is" and "build a database for bio-metrics."[18]  At least one legislator was particularly dismayed and perturbed by the notion that

---

[15] *Id.* at p. 12.
[16] *Id.*
[17] *Id.* at p. 13.
[18] *Id.*

businesses might, eventually, exert pressure on States so that they "put a fingerprint or a thumbprint on your license. That will be encoded into the magnetic strip and once again, they [(the driver's license database-building entities)] will have it."[19]

24.     The DPA also responds to how driver's licenses and their attendant personal information may be incorporated into other types of data banks and non-sanctioned activities, as discussed by Mr. Kurk, *supra*. Specifically, the DPA's legislative history includes contemplation about how, when entities utilize "licenses and they start keeping databases, it is pretty easy to trace where you have been, probably easy to trace who you were with. So, it is, in my opinion, big brother. The point is that we don't need it."[20] Thus, the DPA serves to protect the ability of New Hampshire residents to move unobtrusively and without uninvited surveillance or scrutiny.

25.     Indeed, a New Hampshire-based news outlet relates:

> John Stephen, assistant commissioner of the N.H. Department of Safety, said, "The Legislature gave a clear intent when they passed the driver privacy act — to protect driver information. The bottom line is that the act of establishing a database using that information is, in our minds, contrary to the intent of that law. This should not be done in New Hampshire. It's clear in our minds, people in this state are very committed to protecting the information the Department of Motor Vehicles retains on drivers." Stephen said the retail operations have not been authorized to use or to collect the information on drivers' licenses, and he wants the practice to stop. "No agency, outside of law enforcement, has been authorized by the Department of Motor Vehicles to collect this information, for any purpose," Stephen said.[21]

26.     However, Defendant plainly violates the Driver Privacy Act.

27.     In the DPA – N.H. RSA 260:14, I – it is stated that, "In this section:"

---

[19] *Id.*
[20] *Id.*
[21] https://www.seacoastonline.com/story/news/2001/08/19/scanning-licenses-violates-spirit-law/51299154007/.

(a) "Motor vehicle records" means all applications, reports required by law, registrations, histories, certificates, and licenses issued or revoked by the department relative to motor vehicles and the information, including personal information, contained in them.

(b) "Person" means an individual, organization or entity, but shall not include this state or an agency thereof. "Person" shall include the personal representative of any person injured or killed in the motor vehicle accident, including the person's conservator, executor, administrator, or next of kin as defined in RSA 259:66-a.

(c) "Personal information" means information in motor vehicle records that identifies a person, including a person's photograph or computerized image, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information.

(d) " Legitimate business " means a business which is registered in New Hampshire and which receives compensation in connection with matters of motor vehicle or driver safety or theft, motor vehicle emissions, and motor vehicle market research activities, including survey research.

N.H. RSA 260:14, I(a)-(d).

28.    Under these definitions:

(a)    Defendant's customers' driver's licenses, including the personal information contained in them, constitute "motor vehicle records." N.H. RSA 260:14, I(a).

(b)    Defendant, as an "organization or entity," constitutes a "person." N.H. RSA 260:14, I(b).

(c)    The information in Defendant's customers' driver's licenses (which are "motor vehicle records," as stated *supra*), including each customer's person's photograph or computerized image, social security number, driver identification number,

9

name, address (but not the 5-digit zip code), telephone number, and medical or disability

information, constitutes "personal information." N.H. RSA 260:14, I(c).

(d)     Defendant is not a "legitimate business" because Defendant does

not receive compensation in connection with matters of motor vehicle or driver safety or

theft, motor vehicle emissions, and motor vehicle market research activities, including

survey research.  N.H. RSA 260:14, I(d).

29.    N.H. RSA 260:14, IX(a) provides:

> A person is guilty of a misdemeanor if such person knowingly
> discloses information from a department record to a person known
> by such person to be an unauthorized person; knowingly makes a
> false representation to obtain information from a department
> record; or knowingly uses such information for any use other than
> the use authorized by the department.  In addition, any professional
> or business license issued by this state and held by such person
> may, upon conviction and at the discretion of the court, be revoked
> permanently or suspended.  Each such unauthorized disclosure,
> unauthorized use or false representation shall be considered a
> separate offense.

N.H. RSA 260:14, IX(a).

30.    In contravention of N.H. RSA 260:14, IX(a), Defendant knowingly discloses the

information (including, but not limited to, customers' photographs or computerized images,

social security numbers, driver identification numbers, names, addresses, telephone numbers,

and/or medical or disability information) from customers' respective driver's licenses (acquired

during non-receipted returns, in-store credit transactions, and/or other DLTs), which constitute

department records, under the DPA, to a person or persons known by Defendant to be an

unauthorized person – including The Retail Equation.

31.    Defendant engages in this conduct so that TRE, on Defendant's behalf, may

connect customers' in-store and/or online transactions with customers' government-issued IDs

and then analyze customers' transaction history with Defendant to identify activity that appears to be fraudulent, abusive, or in violation of the Defendant's policies (i.e., Defendant's checkout, non-receipted return, and/or in-store credit transactions policies).

32.     N.H. RSA 260:14, IX(b) provides:

> A person is guilty of a class B felony if, in the course of business, such person knowingly sells, rents, offers, or exposes for sale motor vehicle records to another person in violation of this section.

N.H. RSA 260:14, IX(b).

33.     In contravention of N.H. RSA 260:14, IX(b), Defendant, in the course of business, knowingly sells, rents, offers, or exposes for sale motor vehicle records collected during DLTs – specifically, customers' respective driver's licenses issued or revoked by the department relative to motor vehicles and/or the information, including personal information, contained in them – to The Retail Equation.

34.     Defendant engages in this conduct so that TRE, on Defendant's behalf, may connect customers' in-store and/or online transactions with customers' government-issued IDs and then analyze customers' transaction history with Defendant to identify activity that appears to be fraudulent, abusive, or in violation of the Defendant's policies (i.e., Defendant's checkout, non-receipted return, and/or in-store credit transactions policies).

35.     Plaintiff brings this action to prevent Defendant from further encroaching upon the privacy rights of New Hampshire residents, and to recover liquidated damages for Defendant's violations of the DPA.

## CLASS ACTION ALLEGATIONS

36.     Plaintiff seeks to represent a class (the "Class") defined as:

> All persons in the State of New Hampshire whose driver's license information (including, but not limited to, customers' photographs

11

or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) was collected by Defendant and disclosed, sold, rented, offered, or exposed for sale by Defendant, including to The Retail Equation.

37.     Excluded from the Class are Defendant, its subsidiaries, affiliates, officers, directors, assigns and successors, and any entity in which it has a controlling interest, and the Judge to whom this case is assigned and any member of his or her immediate family.

38.     Members of the Class are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Class number in the hundreds of thousands.  The precise number of Class members and their identities are unknown to Plaintiff at this time but will be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

39.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to:

(a)     whether Defendant "knowingly discloses information from a department record to a person known by such person to be an unauthorized person; knowingly makes a false representation to obtain information from a department record; or knowingly uses such information for any use other than the use authorized by the department";

(b)     whether in the course of business, Defendant "knowingly sells, rents, offers, or exposes for sale motor vehicle records to another person";

(c)     whether Defendant's conduct violates N.H. RSA 260:14, IX(a), N.H. RSA 260:14, IX(b), and/or any other applicable laws; and

12

(d)    whether, as a result of Defendant's misconduct as alleged herein, Plaintiff and Class members are entitled to restitution, injunctive, and/or monetary relief and, if so, the amount and nature of such relief.

40.    Plaintiff's claims are typical of the claims of Class members because Plaintiff, like all class members, had her driver's license information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) collected by Defendant and disclosed, sold, rented, offered, or exposed for sale by Defendant, including to The Retail Equation.

41.    Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained counsel competent and experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

42.    The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of

13

Defendant's liability.  Class treatment of the liability issues will ensure that all claims and

claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Violation of N.H. RSA 260:14, IX(a)

43.    Plaintiff hereby incorporates by reference the allegations contained in all

preceding paragraphs of this complaint.

44.    Plaintiff brings this claim individually and on behalf of the members of the

proposed Class against Defendant.

45.    Defendant's customers' driver's licenses, including the personal information

contained therein, constitute "motor vehicle records" under N.H. RSA 260:14, I(a).

46.    Defendant, as an "organization or entity," constitutes a "person" under N.H. RSA

260:14, I(b).

47.    The information in Defendant's customers' driver's licenses (which are "motor

vehicle records," as stated *supra*), including each customer's person's photograph or computerized

image, social security number, driver identification number, name, address (but not the 5-digit zip

code), telephone number, and medical or disability information, constitutes "personal information"

under N.H. RSA 260:14, I(c).

48.    Defendant is not a "legitimate business" under N.H. RSA 260:14, I(d) because

Defendant does not receive compensation in connection with matters of motor vehicle or driver

safety or theft, motor vehicle emissions, and motor vehicle market research activities, including

survey research.

49.    Defendant requires its customers to release their personal information (including,

but not limited to, customers' photographs or computerized images, social security numbers,

14

driver identification numbers, names, addresses, telephone numbers, and/or medical or disability

information) in the customers' respective driver's licenses at various points (collectively,

"driver's license transactions" or "DLTs"), including, *inter alia*, when:

       (a)    seeking to complete the return of an item without showing a receipt

(during a "non-receipted return").

       (b)    seeking to utilize in-store credit (i.e., via stored value cards) conferred

upon the completion of non-receipted returns (upon wishing to complete "in-store credit

transactions").

    50.    N.H. RSA 260:14, IX(a) provides:

> A person is guilty of a misdemeanor if such person knowingly
> discloses information from a department record to a person known
> by such person to be an unauthorized person; knowingly makes a
> false representation to obtain information from a department
> record; or knowingly uses such information for any use other than
> the use authorized by the department. In addition, any professional
> or business license issued by this state and held by such person
> may, upon conviction and at the discretion of the court, be revoked
> permanently or suspended. Each such unauthorized disclosure,
> unauthorized use or false representation shall be considered a
> separate offense.

N.H. RSA 260:14, IX(a).

    51.    In contravention of N.H. RSA 260:14, IX(a), Defendant knowingly discloses the

information (including, but not limited to, customers' photographs or computerized images,

social security numbers, driver identification numbers, names, addresses, telephone numbers,

and/or medical or disability information) from customers' respective driver's licenses (acquired

during non-receipted returns, in-store credit transactions, and/or other DLTs), which constitute

department records, under the DPA, to a person or persons known by Defendant to be an

unauthorized person – including The Retail Equation.

52.    Defendant engages in this conduct so that TRE, on Defendant's behalf, may connect customers' in-store and/or online transactions with customers' government-issued IDs and then analyze customers' transaction history with Defendant to identify activity that appears to be fraudulent, abusive, or in violation of the Defendant's policies (i.e., Defendant's checkout, non-receipted return, and/or in-store credit transactions policies).

53.    Plaintiff and Class members were never informed by Defendant (and thus never knew) that the information from their respective driver's licenses would be disclosed by Defendant, including to TRE.  Plaintiff and Class members thus never consented to Defendant's having disclosed the information from their respective driver's licenses, including to TRE.

54.    Each time that Defendant knowingly disclosed the information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) from customers' respective driver's licenses (acquired during non-receipted returns, in-store credit transactions, and/or other transactions) – which constitute department records, under the DPA – to a person or persons known by Defendant to be an unauthorized person – including The Retail Equation – Defendant committed a separate violation of Plaintiff's and the other Class members' respective rights to privacy, as set forth by N.H. RSA 260:14, IX(a), thereby damaging Plaintiff and Class members.

55.    Plaintiff and Class members were injured as a direct and proximate result of Defendant's conduct, pursuant to N.H. RSA 260:14, IX(a), because:

(a)    Had Plaintiff and Class members been conferred the opportunity to provide or withhold their consent to Defendant's having disclosed the information from their respective driver's licenses, including to TRE, they would have withheld their consent.

16

(b)     By disclosing customers' information to a person or persons known by Defendant to be an unauthorized person – including The Retail Equation – Defendant has encroached upon Plaintiff's and the Class members' respective privacy rights to control the collection, use, and disclosure of their personal information.

56.     N.H. RSA 260:14, X provides:

> The department and any person aggrieved by a violation of this section may bring a civil action under this section and, if successful, shall be awarded the greater of actual damages or liquidated damages of $2,500 for each violation; reasonable attorneys' fees and other litigation costs reasonably incurred; and such other equitable relief as the court determines to be appropriate.

N.H. RSA 260:14, X.

57.     Accordingly, with respect to Count I, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth by the statue, including liquidated damages of $2,500 for each violation, reasonable attorneys' fees and other litigation costs reasonably incurred, and such other equitable relief as the court determines to be appropriate.

## COUNT II
### Violation of N.H. RSA 260:14, IX(b)

58.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

59.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

60.     Defendant's customers' driver's licenses, including the personal information contained in them, constitute "motor vehicle records" under N.H. RSA 260:14, I(a).

61.     Defendant, as an "organization or entity," constitutes a "person" under N.H. RSA 260:14, I(b).

17

62.    The information in Defendant's customers' driver's licenses (which are "motor vehicle records," as stated supra), including each customer's person's photograph or computerized image, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, constitutes "personal information" under N.H. RSA 260:14, I(c).

63.    Defendant is not a "legitimate business" under N.H. RSA 260:14, I(d) because Defendant does not receive compensation in connection with matters of motor vehicle or driver safety or theft, motor vehicle emissions, and motor vehicle market research activities, including survey research.

64.    Defendant requires its customers to release their personal information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) in the customers' respective driver's licenses at various points (collectively, "driver's license transactions" or "DLTs"), including, *inter alia*, when:

(a)    seeking to complete the return of an item without showing a receipt (during a "non-receipted return"); and

(b)    seeking to utilize in-store credit (i.e., via stored value cards) conferred upon the completion of non-receipted returns (upon wishing to complete "in-store credit transactions").

65.    N.H. RSA 260:14, IX(b) provides:

> A person is guilty of a class B felony if, in the course of business, such person knowingly sells, rents, offers, or exposes for sale motor vehicle records to another person in violation of this section.

N.H. RSA 260:14, IX(b).

66.     In contravention of N.H. RSA 260:14, IX(b), Defendant, in the course of business, knowingly sells, rents, offers, or exposes for sale motor vehicle records collected during DLTs – specifically, customers' respective driver's licenses issued or revoked by the department relative to motor vehicles and/or the information, including personal information, contained in them – to The Retail Equation.

67.     Defendant engages in this conduct so that TRE, on Defendant's behalf, may connect customers' in-store and/or online transactions with customers' government-issued IDs and then analyze customers' transaction history with Defendant to identify activity that appears to be fraudulent, abusive, or in violation of the Defendant's policies (i.e., Defendant's checkout, non-receipted return, and/or in-store credit transactions policies).

68.     Plaintiff and Class members were never informed by Defendant (and thus never knew) that their motor vehicle records (their driver's licenses and the personal information contained in them) would be sold, rented, offered, or exposed for sale by Defendant, including to TRE. Plaintiff and Class members thus never consented to Defendant's having sold, rented, offered, or exposed for sale their motor vehicle records (their driver's licenses and the personal information contained in them), including to TRE.

69.     Each time that Defendant knowingly sold, rented, offered, or exposed for sale customers' motor vehicle records (their driver's licenses and the personal information contained in them) to another person – including The Retail Equation – Defendant committed a separate violation of Plaintiff's and the other Class members' respective rights to privacy, as set forth by N.H. RSA 260:14, IX(b), thereby damaging Plaintiff and Class members.

70.     Plaintiff and Class members were injured as a direct and proximate result of Defendant's conduct, pursuant to N.H. RSA 260:14, IX(b), because:

(a)    Had Plaintiff and Class members been conferred the opportunity to provide or withhold their consent to Defendant's having sold, rented, offered, or exposed for sale their motor vehicle records (their driver's licenses and the personal information contained in them), including to TRE, they would have withheld their consent.

(b)    By having sold, rented, offered, or exposed for sale customers' motor vehicle records (their driver's licenses and the personal information contained in them) to another person – including The Retail Equation – Defendant has thus encroached upon Plaintiff's and the Class members' respective privacy rights to control the collection, use, and disclosure of their personal information.

71.    N.H. RSA 260:14, X provides:

> The department and any person aggrieved by a violation of this section may bring a civil action under this section and, if successful, shall be awarded the greater of actual damages or liquidated damages of $2,500 for each violation; reasonable attorneys' fees and other litigation costs reasonably incurred; and such other equitable relief as the court determines to be appropriate.

N.H. RSA 260:14, X.

72.    Accordingly, with respect to Count II, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth by the statute, including liquidated damages of $2,500 for each violation, reasonable attorneys' fees and other litigation costs reasonably incurred, and such other equitable relief as the court determines to be appropriate.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a.    For an order certifying the Class under N.H. Super. Ct. R. CIV 16 and naming Plaintiff as representative of the Classes and Plaintiff's attorneys as Class Counsel to represent the Class members;

20

b.     For an order declaring that Defendant's conduct, as set out above, violates the DPA, N.H. RSA 260:14;

c.     For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

d.     For liquidated damages of $2,500.00 for each of Defendant's violations of the DPA, pursuant to N.H. RSA 260:14, X;

e.     For injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, an order requiring Defendant to comply with N.H. RSA 260:14, IX(a), and N.H. RSA 260:14, IX(b);

f.     For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit;

g.     For pre- and post-judgment interest on all amounts awarded, to the extent allowable; and

h.     For such other and further relief as the Court may deem proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action and issues so triable.

Respectfully submitted,
JODI BOURGEOIS,
By her attorneys,

**DOUGLAS, LEONARD & GARVEY, P.C.**

Date:  May 26, 2023    By:    /s/ Benjamin T. King
Benjamin T. King, NH Bar #12888
14 South Street, Suite 5
Concord, NH 03301
(603) 224-1988
benjamin@nhlawoffice.com

and

**BURSOR & FISHER, P.A.**

Date:  May 26, 2023    By:    /s/ Philip L. Fraietta
Philip L. Fraietta, NY Bar #5297825
(*to be admitted pro hac vice*)
Matthew A. Girardi, NY Bar #5857057
(*to be admitted pro hac vice*)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
(646) 837-7150
pfraietta@bursor.com; mgirardi@bursor.com

21

Filed
File Date: 7/13/2023 6:37 PM
Rockingham Superior Court
E-Filed Document

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### http://www.courts.state.nh.us

Court Name: **Rockingham Superior Court**

Case Name: **Jodi Bourgeois v. Dick's Sporting Goods, Inc.**

Case Number: **218-2023-CV-00686**
(if known)

# APPEARANCE/WITHDRAWAL

## APPEARANCE
Type of appearance (Select One)

☑ Appearance          ☐ Limited Appearance *(Civil cases only)*

If limited appearance, scope of representation:

_____

_____

_____

_____

Select One:

☑ As Counsel for:

**Dick's Sporting Goods, Inc.          345 Court Street, Coraopolis, PA 15108**

(Name)                    (Address)                    (Telephone Number)

(Name)                    (Address)                    (Telephone Number)

(Name)                    (Address)                    (Telephone Number)

☐ I will represent myself (*self-represented*)

## WITHDRAWAL
As Counsel for _____   _____   _____

Type of Representation: (Select one)

☐ Appearance:
    ☐ Notice of withdrawal was sent to my client(s) on: _____ at the following address:

_____

    ☐ A motion to withdraw is being filed.

☐ Limited Appearance: (Select one)
    ☐ I am withdrawing my limited appearance as I have completed the terms of the limited representation.

    ☐ The terms of limited representation have not been completed. A motion to withdraw is being filed.

True Copy Attest



Jennifer M. Haggar, Clerk of Court

July 14, 2023

This is a Service Document For Case: 218-2023-CV-00686
Rockingham Superior Court
7/17/2023 8:47 AM

APPEARANCE/WITHDRAWAL

---

**For non e-filed cases:**

I state that on this date I am ☐ mailing by U.S. mail, or ☐ Email (only when there is a prior agreement of the parties to use this method), or ☐ hand delivering a copy of this document to:

| | |
|---|---|
| Other party | Other party's attorney |

**OR**

**For e-filed cases:**

☑    I state that on this date I am sending a copy of this document as required by the rules of the court.  I am electronically sending this document through the court's electronic filing system to all attorneys and to all other parties who have entered electronic service contacts (email addresses) in this case.  I am mailing or hand-delivering copies to all other interested parties.

---

| | |
|---|---|
| **Michele E. Kenney** | **/s/ Michele E. Kenney**     07/13/2023 |
| Name of Filer | Signature of Filer     Date |
| **Pierce Atwood LLP**     **19333** | **(603) 433-6300** |
| Law Firm, if applicable     Bar ID # of attorney | Telephone |
| **1 NH Avenue, Suite 350** | **mkenney@pierceatwood.com** |
| Address | E-mail |
| **Portsmouth**     **NH**     **03801** | |
| City     State     Zip code | |

Filed
File Date: 7/13/2023 6:37 PM
Rockingham Superior Court
E-Filed Document

THE STATE OF NEW HAMPSHIRE

ROCKINGHAM COUNTY                                    SUPERIOR COURT

JODI BOURGEOIS,
individually and on behalf of all others similarly situated,

v.

DICK'S SPORTING GOODS, INC.

Case No. 218-2023-CV-00686

**NOTICE OF FILING NOTICE OF REMOVAL**

TO:    Jennifer M. Haggar, Clerk
       Rockingham County Superior Court
       10 Route 125
       Brentwood, NH 03833

PLEASE TAKE NOTICE THAT on July 13, 2023, Defendant Dick's Sporting Goods,

Inc., by counsel, filed with the Clerk of the United States District Court for the District of New

Hampshire a Notice of Removal effecting removal of this action to the United States District Court

for the District of New Hampshire. A copy of the Notice of Removal is attached hereto as Exhibit

A.

Respectfully submitted,

DICK'S SPORTING GOODS, INC.,

By its attorneys,

Dated: July 13, 2023           */s/ Michele E. Kenney*
                               Michele E. Kenney
                               Bar No. 19333
                               PIERCE ATWOOD LLP
                               1 New Hampshire Ave #350
                               Portsmouth, NH 03801
                               (603)-433-6300
                               mkenney@pierceatwood.com

True Copy Attest

Jennifer M. Haggar, Clerk of Court

July 14, 2023

                               Allison Holt Ryan (*pro hac vice* forthcoming)
                               HOGAN LOVELLS US LLP

1

#16207670v1

This is a Service Document For Case: 218-2023-CV-00686
Rockingham Superior Court
7/17/2023 8:47 AM

555 Thirteenth Street, NW
Washington, DC 20004-1109
Telephone: 202-637-5600
allison.holt-ryan@hoganlovells.com


Jasmeet K. Ahuja (*pro hac vice* forthcoming)
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
Telephone: 212-918-3000
jasmeet.ahuja@hoganlovells.com


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of July, 2023, I cause the foregoing Notice of Removal to be served upon the following counsel of record via U.S. Mail and electronic mail:

Benjamin T. King
DOUGLAS, LEONARD & GARVEY, P.C.
14 South Street, Suite 5
Concord, NH 03301
benjamin@nhlawoffice.com

Philip L. Fraietta
Matthew A. Girardi
BURSOR & FISHER, P.A.
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
pfraietta@bursor.com
mgirardi@bursor.com


*/s/ Michele E. Kenney*
Michele E. Kenney


2

EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JODI BOURGEOIS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>DICK'S SPORTING GOODS, INC.,<br><br>    Defendant. | Case No. _____ |

### DEFENDANT DICK'S SPORTING GOODS, INC.'S NOTICE OF REMOVAL

Defendant Dick's Sporting Goods, Inc. ("Dick's"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby files this Notice of Removal of this putative class action from the Superior Court of New Hampshire to the United States District Court for the District of New Hampshire. As grounds for removal, Defendant states as follows:

### BACKGROUND AND PLAINTIFF'S COMPLAINT

1.      Plaintiff filed this putative class action on May 26, 2023, in the Superior Court of New Hampshire, Rockingham, File No. 218-2023-CV-00686, captioned *Jodi Bourgeois, individually and on behalf of all others similarly situated, v. Dick's Sporting Goods, Inc.* (the "State Court Action").

2.      The Complaint filed in the State Court Action is included as part of Exhibit A (the "Complaint" or "Compl."). Dick's was served on June 15, 2023. Accordingly, this removal is

1

timely because it is being filed within 30 days after Dick's first received the Complaint through service.  *See* 28 U.S.C. § 1446(b)(1).

3.      Plaintiff alleges that Dick's purportedly received and disclosed to unauthorized persons consumers' personal data found on drivers' licenses without those consumers' knowledge or consent.

4.      The Complaint asserts the following claims: (1) violation of N.H. RSA 260:14, IX(a), and (2) violation of N.H. RSA 260:14, IX(b).  *See* Compl. ¶¶ 43-72.  Plaintiff contends that the alleged conduct violates the New Hampshire Driver Privacy Act and requests that the Court "prevent Defendant from further encroaching upon the privacy rights of New Hampshire residents, and to recover liquidated damages for Defendant's violations of the [New Hampshire Driver Privacy Act]."  *Id*. ¶ 35.

5.      Based on the allegations in the Complaint, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, because this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(d).  Furthermore, Dick's has satisfied the procedural requirements for removal.

6.      Dick's reserves all defenses which may be available to it and reserves the right to amend or supplement this Notice of Removal.  Nothing in this Notice of Removal or related documents shall be interpreted as a waiver or relinquishment of Dick's right to assert any defense or affirmative matter in this proceeding.  If any question arises as to the propriety of this removal, Dick's respectfully requests the opportunity to conduct discovery or brief any disputed issues and to present oral argument in support of its position that this case is properly removable.  *See generally Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014).

## GROUNDS FOR REMOVAL

### I.   THE COURT HAS JURISDICTION OVER THIS ACTION UNDER CAFA

7.     This Court has original jurisdiction over the State Court Action, and the case may be removed to this Court pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.) ("CAFA").

8.     Under 28 U.S.C. § 1332(d)(1)(B), a "class action" is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or *similar State statute* or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." (emphasis added).

9.     Plaintiff invokes New Hampshire Superior Court Rule 16 and seeks to represent a putative class of citizens in New Hampshire.  Therefore, this case is a "class action" within the meaning of CAFA.  *See id.*

10.     CAFA expanded federal diversity jurisdiction over purported class actions by amending 28 U.S.C. § 1332 to grant original jurisdiction if (i) membership in the putative class is not less than 100, (ii) any member of the putative class is a citizen of a State different from that of any defendant, and (iii) the aggregate matter in controversy for the entire putative class exceeds $5,000,000 million, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d), 1453(b).

11.     Based on the allegations in Plaintiff's Complaint, the State Court Action meets each of CAFA's three requirements, and no exceptions to CAFA's applicability exist in this case.

### A.   There Are More Than 100 Proposed Class Members.

12.     Plaintiff's allegations as to the size of the putative class satisfy CAFA's first requirement: that membership in the putative class is not less than 100.  This putative class action is brought on behalf of:

3

> All persons in the State of New Hampshire whose driver's license information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) was collected by Defendant and disclosed, sold, rented, offered, or exposed for sale by Defendant, including to The Retail Equation.

Compl. ¶ 36.

13. Plaintiff also alleges that, "[o]n information and belief, members of the Class number [are] in the hundreds of thousands." *Id.* ¶ 38.

14. Accordingly, it is apparent from the face of the Complaint that the aggregate number of putative class members exceeds 100 individuals for purposes of CAFA. *See* 28 U.S.C. § 1332(d)(5)(B).

### B. Minimal Diversity Exists Between the Parties.

15. Under CAFA, there must be minimal diversity to confer original federal jurisdiction. *See* 28 U.S.C. § 1332(d)(2). Minimal diversity exists when (i) "any member of a class of plaintiffs is a citizen of a State different from any defendant," (ii) "any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State," or (iii) "any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state." *Id*.

16. Here, Plaintiff alleges that she is a citizen of New Hampshire and that all members of the putative class are also citizens of New Hampshire. *See* Compl. ¶¶ 7, 36.

17. Dick's is a citizen of Delaware (its state of incorporation) and Pennsylvania (its principal place of business). *Id*. ¶ 12. There are no other defendants in this action. Since the Plaintiff and members of the putative class are all citizens of a state different from Dick's, Dick's satisfies the minimal diversity requirement under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A).

4

### C.  **The Matter Plaintiff Places In Controversy Exceeds $5 Million.**

18.    Under CAFA's third and final requirement, the "matter in controversy" must "exceed[ ] the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(2).  Pursuant to 28 U.S.C. § 1332(d)(6), the claims of individual class members are aggregated to determine whether the matter in controversy exceeds this sum or value of $5,000,000 across the class.

17.    To meet this requirement, a defendant's notice of removal need only include "a plausible allegation" that the matter in controversy "exceeds the jurisdictional threshold."  *Dart*, 574 U.S. at 89.  Even when a plaintiff's complaint does not state the matter in controversy, "the defendant's notice of removal may do so."  *Id*. at 84; *see also Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 82 (1st Cir. 2014) (stating that it is sufficient for a defendant to "show a reasonable probability" that more than $5,000,000 is at stake).  A defendant need only establish this matter in controversy by a preponderance of evidence. *See Dart*, 574 U.S. at 86-88.

18.    Here, Plaintiff alleges that Plaintiff and the putative class members are entitled to the relief set forth by N.H. RSA 260:14, X, which is "the greater of actual damages or liquidated damages of $2,500 for *each* violation."  Compl. ¶¶ 56-57, 71-72 (emphasis added).  Based on the allegations in the Complaint, Plaintiff and "hundreds of thousands" of putative class members *each* seek to recover $2,500 on *each* violation.

19.    Although Dick's disputes that it owes any damages, attorneys' fees, or other relief as alleged in the Complaint, and it disputes each and every asserted remedy or theory of recovery advanced in the Complaint, including claims for injunctive and declaratory relief, Dick's files this Notice in good faith and on a reasonable basis in law and fact that CAFA's requirement—that the

5

aggregate matter in controversy exceeds $5,000,000 across the class, exclusive of interest and costs—is satisfied.  *See Romulus*, 770 F.3d 67 at 82; 28 U.S.C. § 1332(d)(6).

## II.   DICK'S SATISFIES THE PROCEDURAL REQUIREMENTS FOR REMOVAL

20.     This Notice of Removal is properly filed in the United States District Court for the District of New Hampshire and sets forth Dick's "short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a).

21.     The Complaint was originally filed in the Superior Court of New Hampshire, a state court located within the District of New Hampshire.  Thus, this Court is in the "district and division embracing the place where [the] action is pending."  28 U.S.C. § 1441(a).

22.     Upon information and belief, Plaintiff served Dick's with a Summons and Complaint on or about June 15, 2023.  Dick's filed this Notice of Removal on July 13, 2023.  Therefore, this Notice of Removal is timely filed within thirty (30) days of service of the Summons and Complaint.  *See* 28 U.S.C. § 1446(b).  No previous application has been made for the relief requested herein.

23.     As set forth above, Dick's is not a citizen of the State of New Hampshire, the state in which this action was brought.  *See* 28 U.S.C. § 1441(b).

24.     Pursuant to 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served" on Dick's in the State Court Action is attached as Exhibit A.  *See* 28 U.S.C. § 1446(a).  A Notice to Counsel of Removal is being served on counsel for Plaintiff via email and First-Class mail.  *See* Exhibit B.  Additionally, a copy of this Notice of Removal is also being served upon counsel for Plaintiff and filed with the Superior Court of New Hampshire pursuant to 28 U.S.C. § 1446(d).  *See* Exhibit C (State Court Notice).

6

25.     Pursuant to this Court's Local Rule 81.1(c), Defendant is also requesting a certified copy of the State Court Record and will file same with this Court within fourteen (14) days of the filing of this Notice of Removal.

26.     Dick's has not yet filed a responsive pleading in this case and reserves all rights to assert any and all defenses with respect to the Complaint.

27.     For the foregoing reasons, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441, 1446 and 1453, and this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d).

## <u>CONCLUSION</u>

**WHEREFORE**, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453(b), Dick's removes this action from the Superior Court of New Hampshire to the United States District Court for the District of New Hampshire.

Respectfully submitted,

Dated: July 13, 2023                By: */s/ Michele E. Kenney*

Michele E. Kenney, Esq. (NH Bar No. 19333)
**PIERCE ATWOOD LLP**
1 New Hampshire Ave #350
Portsmouth, NH 03801
(603)-433-6300
mkenney@pierceatwood.com

Allison Holt Ryan, Esq. (*pro hac vice* forthcoming)
**HOGAN LOVELLS US LLP**
555 Thirteenth Street, NW
Washington, DC 20004-1109
Telephone: 202-637-5600
allison.holt-ryan@hoganlovells.com

7

Jasmeet K. Ahuja. Esq. (*pro hac vice* forthcoming)
**HOGAN LOVELLS US LLP**
390 Madison Avenue
New York, NY 10017
Telephone: 212-918-3000
jasmeet.ahuja@hoganlovells.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 13th day of July, 2023, a copy of the foregoing was electronically filed with the Court and served via U.S. Mail upon the following counsel of record:

Benjamin T. King
14 South Street, Suite 5
Concord, NH 03301
603-224-1988
benjamin@nhlawoffice.com

Philip L. Fraietta
Matthew A. Girardi
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
646-837-7150
pfraietta@bursor.com
mgirardi@bursor.com

By:  */s/ Michele E. Kenney*
Michele E. Kenney

8

EXHIBIT A

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Service Copy

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH 03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION



Case Name: **Jodi Bourgeois v Dick's Sporting Goods, Inc.**
Case Number: **218-2023-CV-00686**

Date Complaint Filed: May 26, 2023
A Complaint has been filed against Dick's Sporting Goods, Inc. in this Court. A copy of the Complaint is attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| July 23, 2023 | Jodi Bourgeois shall have this Summons and the attached Complaint served upon Dick's Sporting Goods, Inc. by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| August 13, 2023 | Jodi Bourgeois shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | Dick's Sporting Goods, Inc. must electronically file an Appearance and Answer or other responsive pleading form with this Court. A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to Dick's Sporting Goods, Inc.:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:

| | |
|---|---|
| Benjamin T. King, ESQ | Douglas Leonard & Garvey PC 14 South Street Suite 5 Concord NH 03301 |
| Dick's Sporting Goods, Inc. | 345 Court Street Coraopolis PA 15108 |

BY ORDER OF THE COURT

June 08, 2023

(126987)

Jennifer M. Haggar
Clerk of Court

A TRUE COPY ATTEST:

Deputy Brian J. DeFranzo
Merrimack County Sheriff's Office

This is a Service Document For Case: 218-2023-CV-00686
Rockingham Superior Court
6/8/2023 1:54 PM

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH 03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE TO DEFENDANT

Case Name:      **Jodi Bourgeois v Dick's Sporting Goods, Inc.**
Case Number:    **218-2023-CV-00686**

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Rockingham Superior Court.** Review the Complaint to see the basis for the Plaintiff's claim.

Each Defendant is required to electronically file an Appearance and Answer 30 days after service. You may register and respond on any private or public computer. For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps. If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Complete the registration/log in process. Click Register and follow the prompts.

2. After you register, click Start Now. Select **Rockingham Superior Court** as the location.

3. Select "I am filing into an existing case". Enter **218-2023-CV-00686** and click Next.

4. When you find the case, click on the link and follow the instructions on the screen. On the "What would you like to file?" screen, select "File a Response to Civil Complaint". Follow the instructions to complete your filing.

5. Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically to the email address you provide.

A person who is filing or defending against a Civil Complaint will want to be familiar with the Rules of the Superior Court, which are available on the court's website: www.courts.state.nh.us.

Once you have registered and responded to the summons, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide. In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

Filed
File Date: 5/26/2023 1:23 PM
Rockingham Superior Court
E-Filed Document

THE STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS.                                          SUPERIOR COURT

JODI BOURGEOIS,
individually and on behalf of all others similarly situated,
56 Ode Way
Manchester, NH 03103                        218-2023-CV-00686
v.

DICK'S SPORTING GOODS, INC.
345 Court Street
Coraopolis, PA 15108

## CLASS ACTION COMPLAINT
### Jury Trial Requested

Plaintiff Jodi Bourgeois, individually and on behalf of all others similarly situated as set

forth herein, alleges as follows:

## NATURE OF THE ACTION

1.     This is a class action against Defendant Dick's Sporting Goods, Inc. ("Defendant"

or "Dick's") for violating N.H. RSA 260:14 (the "Driver Privacy Act" or "DPA").

2.     Defendant requires its customers to release their personal information (including,

but not limited to, customers' photographs or computerized images, social security numbers,

driver identification numbers, names, addresses, telephone numbers, and/or medical or disability

information) in the customers' respective driver's licenses at various points (collectively,

"driver's license transactions" or "DLTs"), including, *inter alia*, when:

(a)     seeking to complete the return of an item without showing a receipt

(during a "non-receipted return"); and

(b)     seeking to utilize in-store credit (i.e., via stored value cards) conferred

upon the completion of non-receipted returns (upon wishing to complete "in-store credit

transactions").

3.     In contravention of N.H. RSA 260:14, IX(a), Defendant knowingly discloses the information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) collected, during DLTs, from customers' respective driver's licenses (which constitute department records, under the DPA) to a person or persons known by Defendant to be an unauthorized person – including The Retail Equation.[1]

4.     In contravention of N.H. RSA 260:14, IX(b), Defendant, in the course of business, knowingly sells, rents, offers, or exposes for sale motor vehicle records collected during DLTs – specifically, customers' respective driver's licenses (issued or revoked by the department relative to motor vehicles) and/or the information, including personal information, contained in them – to The Retail Equation.

5.     Plaintiff and Class members were never informed by Defendant (and thus never knew) that the information from their respective driver's licenses would be disclosed, sold, rented, offered, or exposed for sale by Defendant, including to TRE.  Plaintiff and Class members thus never consented to Defendant's having disclosed, sold, rented, offered, or exposed for sale the information from their respective driver's licenses, including to TRE.

6.     Such policies and practices are illegal in the state of New Hampshire.

---

[1]     The Retail Equation ("TRE") is an entity owned by Appriss, Inc. that provides software used to recommend for retailers to approve or deny transactions (such as non-receipted returns).  Per TRE's website, located at https://www.theretailequation.com/, "The Retail Equation, Inc. (TRE) works with retailers to warn consumers when their return, exchange, post-sale adjustment, or re-shipment transactions (collectively known as 'Transactions') violate store policies or mimic excessive behaviors. Sometimes the Transaction is stopped." Specifically, the TRE Frequently Asked Questions ("FAQ") webpage, https://www.theretailequation.com/frequently-asked-questions/, states, "TRE Transaction Authorization examines the purchase and Transaction data from a specific retailer.  It examines the in-store and online transactions and connects them with an ID number—such as a form of payment or government-issued ID.  The system then analyzes that consumer's Transaction history with that retailer to identify activity that appears to be fraudulent or abusive or in violation of the retailer's policies."

2

## THE PARTIES

7.     Plaintiff Jodi Bourgeois ("Plaintiff") is a citizen of New Hampshire, residing in Manchester, New Hampshire. Within the past three years, Plaintiff has made multiple returns of clothing to a Dick's retail store in Manchester, New Hampshire, including one non-receipted return. Plaintiff similarly completed multiple in-store credit transactions at a Dick's retail store in Manchester, New Hampshire.

8.     Defendant required Plaintiff to release the personal information (including, but not limited to, Plaintiff's photograph or computerized image, social security number, driver identification number, name, address, telephone number, and/or medical or disability information) in her driver's license at various points ("DLTs"), including, *inter alia*, when Plaintiff sought to complete the return of an item without showing a receipt (during Plaintiff's "non-receipted return").

9.     In contravention of N.H. RSA 260:14, IX(a), Defendant knowingly disclosed this information (including, but not limited to, Plaintiff's photographs or computerized images, social security numbers, driver identification number, name, address, telephone number, and/or medical or disability information) collected, during Plaintiff 's DLTs, from Plaintiff 's driver's license (which constitutes a department record, under the DPA) to a person or persons known by Defendant to be an unauthorized person – including The Retail Equation.

10.     In contravention of N.H. RSA 260:14, IX(b), Defendant, in the course of business, knowingly sold, rented, offered, or exposed for sale motor vehicle records collected during DLTs – specifically, Plaintiff 's driver's license (issued or revoked by the department relative to motor vehicles) and/or the information, including personal information, contained in it -- to The Retail Equation.

3

11.     Plaintiff was never informed by Defendant (and thus never knew) that the information from her driver's license would be disclosed, sold, rented, offered, or exposed for sale by Defendant, including to TRE.  Plaintiff thus never consented to Defendant's having disclosed, sold, rented, offered, or exposed for sale the information from her driver's license, including to TRE.

12.     Defendant Dick's Sporting Goods, Inc. ("Defendant" or "Dick's") is a Delaware corporation with its principal place of business in Coraopolis, Pennsylvania.  Defendant is an American sporting goods retailer.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to N.H. RSA 491:7.

14.     This Court may exercise personal jurisdiction over the defendant, pursuant to N.H. RSA 510:4, I, because Defendant is a nonresident who transacts business within in this state, has committed tortious acts within this state, and has the ownership, use, or possession of any real and personal property situated in this state, and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this State.

15.     Venue is proper in this judicial district pursuant to N.H. RSA 507:9 because Plaintiff resides in this County.

## FACTS COMMON TO ALL CLAIMS

16.     The DPA was enacted by the New Hampshire state legislature in 1996[2] and then subsequently amended in response to two primary interests – "public safety as well as privacy."[3] Regarding the former, New Hampshire legislators became aware, "in the course of drafting

---

[2] https://www.gencourt.state.nh.us/bill_status/legacy/bs2016/bill_docket.aspx?lsr=2290&sy=1996&sortoption=&txts essionyear=1996&txtbillnumber=hb1508, HB 1508-FN (1996) Bill Docket.
[3] https://gencourt.state.nh.us/BillHistory/SofS_Archives/1996/senate/HB1508S.pdf, HB 1508-FN (1996) Senate Actions Archive, p. 28.

stalking legislation and domestic violence legislation that one of the ways that victims are located after great effort to hide their location is through the easy availability of motor vehicle records."[4]  The DPA and its legislative history evince the General Court of New Hampshire's desire to respond forcefully to such grave public safety-related dangers.

17.    For example, before opting to amend the DPA,[5] New Hampshire state legislators considered how, "on March 21, 2002, the New York Times did an article on a Boston bar [that] . . . swipes [driver's] licenses" and how "the bar's owner, is quoted as saying, 'You swipe the license and all of a sudden, someone's whole life, as we know it, pops up in front of you. It is almost voyeuristic.'"[6]  The DPA works to stymie such voyeurism.  Along these lines, one member of the General Court aptly remarked, during the process of amending the DPA, "[i]f my wife goes to the local 7-11 and buys a six-pack of beer, I don't think the guy behind the counter should have any ability whatsoever to see where she lives or any other information. It is none of his business.  And, it is a stalking problem, in my opinion."[7]

18.    Turning from these issues of public safety to those of privacy, more generally, John Stephen, the then-Assistant Commissioner for the New Hampshire Department of Safety, is quoted by the state legislature's Committee Minutes as having stated that New Hampshire's driver privacy law was meant "not just to prevent stalking, but ... to prevent the use of motor vehicle records for purposes other than motor vehicle related safety and law enforcement."[8]  Mr. Stephen, expounding upon the definition of "motor vehicle records," also stated: "RSA 260:14 is already pretty clear in its terms and that is one of the positions the Commissioner has in terms

---

[4] *Id.*

[5] https://www.gencourt.state.nh.us/bill_status/legacy/bs2016/bill_docket.aspx?lsr=2366&sy=2002&txttitle=motor%20vehicle%20records, HB 1456-FN (2002) Bill Docket.

[6] https://gencourt.state.nh.us/BillHistory/SofS_Archives/2002/senate/HB1456S.pdf, HB 1456-FN (2002) Senate Actions Archive, p. 12.

[7] *Id.* at p. 13.

[8] *Id.* at p. 16.

5

of enforcing motor vehicle records, that motor vehicle records are records that are kept by the

Department in its database and involves all registrations, histories, certificates, [and] licenses,

including personal information."[9]

19.     Critically, therefore, the DPA reflects the General Court of New Hampshire's

understanding that all such material – including driver's licenses and the confidential information

contained thereby and therein – are "property of the state."[10]  That is, the DPA's legislative

history reveals how "the information on your license, and in that [driver's license] magnetic

strip, belongs to the State of New Hampshire[.]"[11]

20.     Thus, as per then-Representative Neal Kurk, one of the sponsors of the DPA,[12] in

New Hampshire, it is vital:

> [t]hat the information given to the Department of Safety for the
> purpose of getting a license or registration is to be used by the
> Department and by others for those purposes only. It [i]s not to be
> used as a data bank for marketing.  It [i]s not to be used as a data
> bank for any other purpose; it [i]s to be used only to enforce motor
> vehicle laws.[13]

21.     Regarding the first of the proscribed types of conduct described by Mr. Kurk –

utilizing driver's licenses and the information contained thereby and therein to build a "data bank

for marketing" – the New Hampshire state legislature recognized that "the potential is there to

take the information off the back of [a driver's] license and keep a track record . . . of people that

… come in"[14] to a location.  The General Court noted that a business owner might "break down

---

[9] *Id.*
[10] https://gencourt.state.nh.us/BillHistory/SofS_Archives/2002/house/HB1456H.pdf, HB 1456-FN (2002) House Actions Archive, p. 11.
[11] HB 1456-FN (2002) Senate Actions Archive, p. 12.
[12] https://www.gencourt.state.nh.us/bill_status/legacy/bs2016/Bill_status.aspx?lsr=2290&sy=1996&sortoption=&txts essionyear=1996&txtbillnumber=hb1508, HB 1508-FN (1996) Bill Status.
[13] HB 1456-FN (2002) Senate Actions Archive, p. 28.
[14] *Id.* at p. 16.

his clients out by sex, age, zip code, or other characteristics."[15]  With relative ease, one can

conceive of how this type of data-gathering might give rise to invidious forms of discrimination.

      22.     Additionally, the legislature worried about how the  hypothetical business owner

described *supra* "could find out how many blonde women named Karen over 5' 2" came in over

a weekend, how many of his customers have the middle initial M. and, more practically, he can

build mailing lists based on all that data and keep track of who comes back."[16]  Thus, even when

customers have otherwise sought to maintain their privacy (i.e., by paying at a store with cash

rather than a credit or debit card, by withholding their names from store associates, by choosing

not to share with store associates any receipts from their prior purchases, etc.), the hypothetical

business owner with prying eyes might – profitably and permanently – link a person's business

transactions with that person's identity, simply (and perhaps unbeknownst to said person) by

collecting the person's driver's license.  The General Court, through the DPA, wished to put an

end to these sorts of circumstances, in which unscrupulous entities might attempt to turn a profit

by usurping the aforementioned property of the state – and to how, by building databases and/or

mailing lists from driver's license information, one can "tell what people have purchased, what

they haven't purchased and you can sell those lists."[17]

      23.     Relatedly, the legislative history of the DPA marks the General Court's

apprehension regarding the ways in which such lists or databases might be used, by entities other

than the Department of Safety, and to the detriment of even a privacy-minded person, like people

alluded to above, in order to "establish who that person really is" and "build a database for bio-

metrics."[18]  At least one legislator was particularly dismayed and perturbed by the notion that

---

[15] *Id.* at p. 12.
[16] *Id.*
[17] *Id.* at p. 13.
[18] *Id.*

businesses might, eventually, exert pressure on States so that they "put a fingerprint or a thumbprint on your license. That will be encoded into the magnetic strip and once again, they [(the driver's license database-building entities)] will have it."[19]

24.　　The DPA also responds to how driver's licenses and their attendant personal information may be incorporated into other types of data banks and non-sanctioned activities, as discussed by Mr. Kurk, *supra*. Specifically, the DPA's legislative history includes contemplation about how, when entities utilize "licenses and they start keeping databases, it is pretty easy to trace where you have been, probably easy to trace who you were with. So, it is, in my opinion, big brother. The point is that we don't need it."[20] Thus, the DPA serves to protect the ability of New Hampshire residents to move unobtrusively and without uninvited surveillance or scrutiny.

25.　　Indeed, a New Hampshire-based news outlet relates:

> John Stephen, assistant commissioner of the N.H. Department of Safety, said, "The Legislature gave a clear intent when they passed the driver privacy act — to protect driver information. The bottom line is that the act of establishing a database using that information is, in our minds, contrary to the intent of that law. This should not be done in New Hampshire. It's clear in our minds, people in this state are very committed to protecting the information the Department of Motor Vehicles retains on drivers." Stephen said the retail operations have not been authorized to use or to collect the information on drivers' licenses, and he wants the practice to stop. "No agency, outside of law enforcement, has been authorized by the Department of Motor Vehicles to collect this information, for any purpose," Stephen said.[21]

26.　　However, Defendant plainly violates the Driver Privacy Act.

27.　　In the DPA – N.H. RSA 260:14, I – it is stated that, "In this section:"

---

[19] *Id.*
[20] *Id.*
[21] https://www.seacoastonline.com/story/news/2001/08/19/scanning-licenses-violates-spirit-law/51299154007/.

(a) "Motor vehicle records" means all applications, reports required by law, registrations, histories, certificates, and licenses issued or revoked by the department relative to motor vehicles and the information, including personal information, contained in them.

(b) "Person" means an individual, organization or entity, but shall not include this state or an agency thereof. "Person" shall include the personal representative of any person injured or killed in the motor vehicle accident, including the person's conservator, executor, administrator, or next of kin as defined in RSA 259:66-a.

(c) "Personal information" means information in motor vehicle records that identifies a person, including a person's photograph or computerized image, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information.

(d) " Legitimate business " means a business which is registered in New Hampshire and which receives compensation in connection with matters of motor vehicle or driver safety or theft, motor vehicle emissions, and motor vehicle market research activities, including survey research.

N.H. RSA 260:14, I(a)-(d).

28.     Under these definitions:

(a)     Defendant's customers' driver's licenses, including the personal information contained in them, constitute "motor vehicle records." N.H. RSA 260:14, I(a).

(b)     Defendant, as an "organization or entity," constitutes a "person." N.H. RSA 260:14, I(b).

(c)     The information in Defendant's customers' driver's licenses (which are "motor vehicle records," as stated *supra*), including each customer's person's photograph or computerized image, social security number, driver identification number,

name, address (but not the 5-digit zip code), telephone number, and medical or disability

information, constitutes "personal information." N.H. RSA 260:14, I(c).

(d)    Defendant is not a "legitimate business" because Defendant does

not receive compensation in connection with matters of motor vehicle or driver safety or

theft, motor vehicle emissions, and motor vehicle market research activities, including

survey research. N.H. RSA 260:14, I(d).

29.    N.H. RSA 260:14, IX(a) provides:

> A person is guilty of a misdemeanor if such person knowingly
> discloses information from a department record to a person known
> by such person to be an unauthorized person; knowingly makes a
> false representation to obtain information from a department
> record; or knowingly uses such information for any use other than
> the use authorized by the department. In addition, any professional
> or business license issued by this state and held by such person
> may, upon conviction and at the discretion of the court, be revoked
> permanently or suspended. Each such unauthorized disclosure,
> unauthorized use or false representation shall be considered a
> separate offense.

N.H. RSA 260:14, IX(a).

30.    In contravention of N.H. RSA 260:14, IX(a), Defendant knowingly discloses the

information (including, but not limited to, customers' photographs or computerized images,

social security numbers, driver identification numbers, names, addresses, telephone numbers,

and/or medical or disability information) from customers' respective driver's licenses (acquired

during non-receipted returns, in-store credit transactions, and/or other DLTs), which constitute

department records, under the DPA, to a person or persons known by Defendant to be an

unauthorized person – including The Retail Equation.

31.    Defendant engages in this conduct so that TRE, on Defendant's behalf, may

connect customers' in-store and/or online transactions with customers' government-issued IDs

10

and then analyze customers' transaction history with Defendant to identify activity that appears
to be fraudulent, abusive, or in violation of the Defendant's policies (i.e., Defendant's checkout,
non-receipted return, and/or in-store credit transactions policies).

32.    N.H. RSA 260:14, IX(b) provides:

> A person is guilty of a class B felony if, in the course of business,
> such person knowingly sells, rents, offers, or exposes for sale
> motor vehicle records to another person in violation of this section.

N.H. RSA 260:14, IX(b).

33.    In contravention of N.H. RSA 260:14, IX(b), Defendant, in the course of
business, knowingly sells, rents, offers, or exposes for sale motor vehicle records collected
during DLTs – specifically, customers' respective driver's licenses issued or revoked by the
department relative to motor vehicles and/or the information, including personal information,
contained in them – to The Retail Equation.

34.    Defendant engages in this conduct so that TRE, on Defendant's behalf, may
connect customers' in-store and/or online transactions with customers' government-issued IDs
and then analyze customers' transaction history with Defendant to identify activity that appears
to be fraudulent, abusive, or in violation of the Defendant's policies (i.e., Defendant's checkout,
non-receipted return, and/or in-store credit transactions policies).

35.    Plaintiff brings this action to prevent Defendant from further encroaching upon
the privacy rights of New Hampshire residents, and to recover liquidated damages for
Defendant's violations of the DPA.

## CLASS ACTION ALLEGATIONS

36.    Plaintiff seeks to represent a class (the "Class") defined as:

> All persons in the State of New Hampshire whose driver's license
> information (including, but not limited to, customers' photographs

11

>or computerized images, social security numbers, driver
>identification numbers, names, addresses, telephone numbers,
>and/or medical or disability information) was collected by
>Defendant and disclosed, sold, rented, offered, or exposed for sale
>by Defendant, including to The Retail Equation.

37.     Excluded from the Class are Defendant, its subsidiaries, affiliates, officers,

directors, assigns and successors, and any entity in which it has a controlling interest, and the

Judge to whom this case is assigned and any member of his or her immediate family.

38.     Members of the Class are so numerous that their individual joinder herein is

impracticable.  On information and belief, members of the Class number in the hundreds of

thousands.  The precise number of Class members and their identities are unknown to Plaintiff at

this time but will be determined through discovery.  Class members may be notified of the

pendency of this action by mail and/or publication through the distribution records of Defendant

and third-party retailers and vendors.

39.     Common questions of law and fact exist as to all Class members and predominate

over questions affecting only individual Class members.  Common legal and factual questions

include, but are not limited to:

(a)     whether Defendant "knowingly discloses information from a department

record to a person known by such person to be an unauthorized person; knowingly makes a false

representation to obtain information from a department record; or knowingly uses such

information for any use other than the use authorized by the department";

(b)     whether in the course of business, Defendant "knowingly sells, rents,

offers, or exposes for sale motor vehicle records to another person";

(c)     whether Defendant's conduct violates N.H. RSA 260:14, IX(a), N.H. RSA

260:14, IX(b), and/or any other applicable laws; and

(d)    whether, as a result of Defendant's misconduct as alleged herein, Plaintiff and Class members are entitled to restitution, injunctive, and/or monetary relief and, if so, the amount and nature of such relief.

40.    Plaintiff's claims are typical of the claims of Class members because Plaintiff, like all class members, had her driver's license information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) collected by Defendant and disclosed, sold, rented, offered, or exposed for sale by Defendant, including to The Retail Equation.

41.    Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained counsel competent and experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

42.    The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of

Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**COUNT I**
**Violation of N.H. RSA 260:14, IX(a)**

43.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

44.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

45.     Defendant's customers' driver's licenses, including the personal information contained therein, constitute "motor vehicle records" under N.H. RSA 260:14, I(a).

46.     Defendant, as an "organization or entity," constitutes a "person" under N.H. RSA 260:14, I(b).

47.     The information in Defendant's customers' driver's licenses (which are "motor vehicle records," as stated *supra*), including each customer's person's photograph or computerized image, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, constitutes "personal information" under N.H. RSA 260:14, I(c).

48.     Defendant is not a "legitimate business" under N.H. RSA 260:14, I(d) because Defendant does not receive compensation in connection with matters of motor vehicle or driver safety or theft, motor vehicle emissions, and motor vehicle market research activities, including survey research.

49.     Defendant requires its customers to release their personal information (including, but not limited to, customers' photographs or computerized images, social security numbers,

14

driver identification numbers, names, addresses, telephone numbers, and/or medical or disability

information) in the customers' respective driver's licenses at various points (collectively,

"driver's license transactions" or "DLTs"), including, *inter alia*, when:

      (a)    seeking to complete the return of an item without showing a receipt

(during a "non-receipted return").

      (b)    seeking to utilize in-store credit (i.e., via stored value cards) conferred

upon the completion of non-receipted returns (upon wishing to complete "in-store credit

transactions").

      50.    N.H. RSA 260:14, IX(a) provides:

> A person is guilty of a misdemeanor if such person knowingly
> discloses information from a department record to a person known
> by such person to be an unauthorized person; knowingly makes a
> false representation to obtain information from a department
> record; or knowingly uses such information for any use other than
> the use authorized by the department. In addition, any professional
> or business license issued by this state and held by such person
> may, upon conviction and at the discretion of the court, be revoked
> permanently or suspended. Each such unauthorized disclosure,
> unauthorized use or false representation shall be considered a
> separate offense.

N.H. RSA 260:14, IX(a).

      51.    In contravention of N.H. RSA 260:14, IX(a), Defendant knowingly discloses the

information (including, but not limited to, customers' photographs or computerized images,

social security numbers, driver identification numbers, names, addresses, telephone numbers,

and/or medical or disability information) from customers' respective driver's licenses (acquired

during non-receipted returns, in-store credit transactions, and/or other DLTs), which constitute

department records, under the DPA, to a person or persons known by Defendant to be an

unauthorized person – including The Retail Equation.

52. Defendant engages in this conduct so that TRE, on Defendant's behalf, may connect customers' in-store and/or online transactions with customers' government-issued IDs and then analyze customers' transaction history with Defendant to identify activity that appears to be fraudulent, abusive, or in violation of the Defendant's policies (i.e., Defendant's checkout, non-receipted return, and/or in-store credit transactions policies).

53. Plaintiff and Class members were never informed by Defendant (and thus never knew) that the information from their respective driver's licenses would be disclosed by Defendant, including to TRE. Plaintiff and Class members thus never consented to Defendant's having disclosed the information from their respective driver's licenses, including to TRE.

54. Each time that Defendant knowingly disclosed the information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) from customers' respective driver's licenses (acquired during non-receipted returns, in-store credit transactions, and/or other transactions) – which constitute department records, under the DPA – to a person or persons known by Defendant to be an unauthorized person – including The Retail Equation – Defendant committed a separate violation of Plaintiff's and the other Class members' respective rights to privacy, as set forth by N.H. RSA 260:14, IX(a), thereby damaging Plaintiff and Class members.

55. Plaintiff and Class members were injured as a direct and proximate result of Defendant's conduct, pursuant to N.H. RSA 260:14, IX(a), because:

(a) Had Plaintiff and Class members been conferred the opportunity to provide or withhold their consent to Defendant's having disclosed the information from their respective driver's licenses, including to TRE, they would have withheld their consent.

(b)     By disclosing customers' information to a person or persons known by Defendant to be an unauthorized person – including The Retail Equation – Defendant has encroached upon Plaintiff's and the Class members' respective privacy rights to control the collection, use, and disclosure of their personal information.

56.     N.H. RSA 260:14, X provides:

> The department and any person aggrieved by a violation of this section may bring a civil action under this section and, if successful, shall be awarded the greater of actual damages or liquidated damages of $2,500 for each violation; reasonable attorneys' fees and other litigation costs reasonably incurred; and such other equitable relief as the court determines to be appropriate.

N.H. RSA 260:14, X.

57.     Accordingly, with respect to Count I, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth by the statue, including liquidated damages of $2,500 for each violation, reasonable attorneys' fees and other litigation costs reasonably incurred, and such other equitable relief as the court determines to be appropriate.

## COUNT II
### Violation of N.H. RSA 260:14, IX(b)

58.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

59.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

60.     Defendant's customers' driver's licenses, including the personal information contained in them, constitute "motor vehicle records" under N.H. RSA 260:14, I(a).

61.     Defendant, as an "organization or entity," constitutes a "person" under N.H. RSA 260:14, I(b).

62.     The information in Defendant's customers' driver's licenses (which are "motor vehicle records," as stated supra), including each customer's person's photograph or computerized image, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, constitutes "personal information" under N.H. RSA 260:14, I(c).

63.     Defendant is not a "legitimate business" under N.H. RSA 260:14, I(d) because Defendant does not receive compensation in connection with matters of motor vehicle or driver safety or theft, motor vehicle emissions, and motor vehicle market research activities, including survey research.

64.     Defendant requires its customers to release their personal information (including, but not limited to, customers' photographs or computerized images, social security numbers, driver identification numbers, names, addresses, telephone numbers, and/or medical or disability information) in the customers' respective driver's licenses at various points (collectively, "driver's license transactions" or "DLTs"), including, *inter alia*, when:

(a)     seeking to complete the return of an item without showing a receipt (during a "non-receipted return"); and

(b)     seeking to utilize in-store credit (i.e., via stored value cards) conferred upon the completion of non-receipted returns (upon wishing to complete "in-store credit transactions").

65.     N.H. RSA 260:14, IX(b) provides:

A person is guilty of a class B felony if, in the course of business, such person knowingly sells, rents, offers, or exposes for sale motor vehicle records to another person in violation of this section.

N.H. RSA 260:14, IX(b).

18

66.     In contravention of N.H. RSA 260:14, IX(b), Defendant, in the course of business, knowingly sells, rents, offers, or exposes for sale motor vehicle records collected during DLTs – specifically, customers' respective driver's licenses issued or revoked by the department relative to motor vehicles and/or the information, including personal information, contained in them – to The Retail Equation.

67.     Defendant engages in this conduct so that TRE, on Defendant's behalf, may connect customers' in-store and/or online transactions with customers' government-issued IDs and then analyze customers' transaction history with Defendant to identify activity that appears to be fraudulent, abusive, or in violation of the Defendant's policies (i.e., Defendant's checkout, non-receipted return, and/or in-store credit transactions policies).

68.     Plaintiff and Class members were never informed by Defendant (and thus never knew) that their motor vehicle records (their driver's licenses and the personal information contained in them) would be sold, rented, offered, or exposed for sale by Defendant, including to TRE.  Plaintiff and Class members thus never consented to Defendant's having sold, rented, offered, or exposed for sale their motor vehicle records (their driver's licenses and the personal information contained in them), including to TRE.

69.     Each time that Defendant knowingly sold, rented, offered, or exposed for sale customers' motor vehicle records (their driver's licenses and the personal information contained in them) to another person – including The Retail Equation – Defendant committed a separate violation of Plaintiff's and the other Class members' respective rights to privacy, as set forth by N.H. RSA 260:14, IX(b), thereby damaging Plaintiff and Class members.

70.     Plaintiff and Class members were injured as a direct and proximate result of Defendant's conduct, pursuant to N.H. RSA 260:14, IX(b), because:

(a) Had Plaintiff and Class members been conferred the opportunity to provide or withhold their consent to Defendant's having sold, rented, offered, or exposed for sale their motor vehicle records (their driver's licenses and the personal information contained in them), including to TRE, they would have withheld their consent.

(b) By having sold, rented, offered, or exposed for sale customers' motor vehicle records (their driver's licenses and the personal information contained in them) to another person – including The Retail Equation – Defendant has thus encroached upon Plaintiff's and the Class members' respective privacy rights to control the collection, use, and disclosure of their personal information.

71. N.H. RSA 260:14, X provides:

> The department and any person aggrieved by a violation of this section may bring a civil action under this section and, if successful, shall be awarded the greater of actual damages or liquidated damages of $2,500 for each violation; reasonable attorneys' fees and other litigation costs reasonably incurred; and such other equitable relief as the court determines to be appropriate.

N.H. RSA 260:14, X.

72. Accordingly, with respect to Count II, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth by the statute, including liquidated damages of $2,500 for each violation, reasonable attorneys' fees and other litigation costs reasonably incurred, and such other equitable relief as the court determines to be appropriate.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a. For an order certifying the Class under N.H. Super. Ct. R. CIV 16 and naming Plaintiff as representative of the Classes and Plaintiff's attorneys as Class Counsel to represent the Class members;

20

b.  For an order declaring that Defendant's conduct, as set out above, violates the DPA, N.H. RSA 260:14;

c.  For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

d.  For liquidated damages of $2,500.00 for each of Defendant's violations of the DPA, pursuant to N.H. RSA 260:14, X;

e.  For injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, an order requiring Defendant to comply with N.H. RSA 260:14, IX(a), and N.H. RSA 260:14, IX(b);

f.  For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit;

g.  For pre- and post-judgment interest on all amounts awarded, to the extent allowable; and

h.  For such other and further relief as the Court may deem proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action and issues so triable.

Respectfully submitted,
JODI BOURGEOIS,
By her attorneys,

**DOUGLAS, LEONARD & GARVEY, P.C.**

Date: May 26, 2023          By:     /s/ Benjamin T. King
                                    Benjamin T. King, NH Bar #12888
                                    14 South Street, Suite 5
                                    Concord, NH 03301
                                    (603) 224-1988
                                    benjamin@nhlawoffice.com

                                    and

**BURSOR & FISHER, P.A.**

Date: May 26, 2023          By:     /s/ Philip L. Fraietta
                                    Philip L. Fraietta, NY Bar #5297825
                                    (*to be admitted pro hac vice*)
                                    Matthew A. Girardi, NY Bar #5857057
                                    (*to be admitted pro hac vice*)
                                    1330 Avenue of the Americas, 32nd Floor
                                    New York, NY 10019
                                    (646) 837-7150
                                    pfraietta@bursor.com; mgirardi@bursor.com

## Merrimack County Sheriff's Office
DAVID A. CROFT
333 Daniel Webster Hwy
Boscawen, NH 03303
Phone: 603-796-6600

DICKS SPORTING GOODS, INC.
10 FERRY ST    313
CONCORD, NH 03301

AFFIDAVIT OF SERVICE

MERRIMACK, SS                                    6/15/23

    I, DEPUTY BRIAN J DEFRANZO, on this date at 11:15 a.m./p.m.,
summoned the within named defendant DICKS'S SPORTING GOODS, INC. as within
commanded, by leaving at the office of Registered Agent Corporation Service
Company, 10 Ferry Street, Suite 313, Concord, said County and State of New
Hampshire, its true and lawful agent for service of process under and by
virtue of Chapter 293-A New Hampshire RSA, as amended, a true and attested
copy of this Summons and Complaint.

FEES

      Service      $30.66
      Postage        1.00
      Travel        18.34
              ————————
TOTAL          $50.00

                                   ————————————————————
                              DEPUTY BRIAN J DEFRANZO
                              Merrimack County Sheriff's Office

**EXHIBIT B**

THE STATE OF NEW HAMPSHIRE

ROCKINGHAM COUNTY                              SUPERIOR COURT

JODI BOURGEOIS,
individually and on behalf of all others similarly situated,

v.

DICK'S SPORTING GOODS, INC.

Case No. 218-2023-CV-00686

**<u>NOTICE TO COUNSEL OF REMOVAL</u>**

TO:    Benjamin T. King
DOUGLAS, LEONARD & GARVEY, P.C.
14 South Street, Suite 5
Concord, NH 03301
benjamin@nhlawoffice.com

Philip L. Fraietta
Matthew A. Girardi
BURSOR & FISHER, P.A.
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
pfraietta@bursor.com
mgirardi@bursor.com

PLEASE TAKE NOTICE THAT on July 13, 2023, Defendant Dick's Sporting Goods, Inc., by counsel, filed with the Clerk of the United States District Court for the District of New Hampshire a Notice of Removal effecting removal of this action to the United States District Court for the District of New Hampshire. A copy of the Notice of Removal is attached to this Notice.

Respectfully submitted,

DICK'S SPORTING GOODS, INC.,

By its attorneys,

1

Dated:  July 13, 2023

/s/ Michele E. Kenney
Michele E. Kenney
Bar No. 19333
PIERCE ATWOOD LLP
1 New Hampshire Ave #350
Portsmouth, NH 03801
(603)-433-6300
mkenney@pierceatwood.com

Allison Holt Ryan (*pro hac vice* forthcoming)
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004-1109
Telephone: 202-637-5600
allison.holt-ryan@hoganlovells.com

Jasmeet K. Ahuja (*pro hac vice* forthcoming)
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
Telephone: 212-918-3000
jasmeet.ahuja@hoganlovells.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of July, 2023, I cause the foregoing Notice to Counsel of Removal to be served upon the following counsel of record via U.S. Mail and electronic mail:

Benjamin T. King
DOUGLAS, LEONARD & GARVEY, P.C.
14 South Street, Suite 5
Concord, NH 03301
benjamin@nhlawoffice.com

Philip L. Fraietta
Matthew A. Girardi
BURSOR & FISHER, P.A.
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
pfraietta@bursor.com
mgirardi@bursor.com

/s/ Michele E. Kenney
Michele E. Kenney

2

**EXHIBIT C**

THE STATE OF NEW HAMPSHIRE

ROCKINGHAM COUNTY                                    SUPERIOR COURT


JODI BOURGEOIS,<br>individually and on behalf of all others similarly situated,

v.

DICK'S SPORTING GOODS, INC.

Case No. 218-2023-CV-00686

**NOTICE OF FILING NOTICE OF REMOVAL**

TO:    Jennifer M. Haggar, Clerk
Rockingham County Superior Court
10 Route 125
Brentwood, NH 03833

PLEASE TAKE NOTICE THAT on July 13, 2023, Defendant Dick's Sporting Goods,

Inc., by counsel, filed with the Clerk of the United States District Court for the District of New

Hampshire a Notice of Removal effecting removal of this action to the United States District Court

for the District of New Hampshire. A copy of the Notice of Removal is attached hereto as Exhibit

A.

Respectfully submitted,

DICK'S SPORTING GOODS, INC.,

By its attorneys,

Dated: July 13, 2023                */s/ Michele E. Kenney*
Michele E. Kenney
Bar No. 19333
PIERCE ATWOOD LLP
1 New Hampshire Ave #350
Portsmouth, NH 03801
(603)-433-6300
mkenney@pierceatwood.com

1

Allison Holt Ryan (*pro hac vice* forthcoming)
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004-1109
Telephone: 202-637-5600
allison.holt-ryan@hoganlovells.com


Jasmeet K. Ahuja (*pro hac vice* forthcoming)
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
Telephone: 212-918-3000
jasmeet.ahuja@hoganlovells.com


## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of July, 2023, I cause the foregoing Notice of Removal to be served upon the following counsel of record via U.S. Mail and electronic mail:

Benjamin T. King
DOUGLAS, LEONARD & GARVEY, P.C.
14 South Street, Suite 5
Concord, NH 03301
benjamin@nhlawoffice.com

Philip L. Fraietta
Matthew A. Girardi
BURSOR & FISHER, P.A.
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
pfraietta@bursor.com
mgirardi@bursor.com

*/s/ Michele E. Kenney*
Michele E. Kenney

2

JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)   PLAINTIFFS | DEFENDANTS |
|---|---|
| Jodi Bourgeois | Dick's Sporting Goods, Inc. |

| (b)   County of Residence of First Listed Plaintiff    Rockingham | County of Residence of First Listed Defendant    Allegheny County, PA |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c)   Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Benjamin T. King, Douglas Leonard & Garvey, P.C., 14 South St., Suite 5, Concord, NH 03301, 603.224.1988 | Michele E.Kenney, Pierce Atwood LLP, 1 NH Avenue, Suite 350, Portsmouth, NH 03801, 603.433.6300 |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☐ 2   U.S. Government
Defendant

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☒ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                               *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury  - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **INTELLECTUAL** | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal | Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☐ 1   Original
Proceeding

☒ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
Another District
*(specify)*

☐ 6   Multidistrict
Litigation -
Transfer

☐ 8   Multidistrict
Litigation -
Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332(d)
Brief description of cause:

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*          JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 07/13/2023 | /s/ Michele E. Kenney |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.